■ In the Matter of MICHAEL KRALL, Respondent, v WALTER KELLY, as Superintendent of Attica Correctional Facility, et al., Appellants.—Judgment unanimously vacated on the law and determination unanimously confirmed and petition dismissed. Memorandum: Since the only issue properly before Special Term was whether the Hearing Officer's determination was supported by substantial evidence, Special Term erred in deciding the matter rather than transferring it pursuant to CPLR 7804 (g). We will determine the matter as if it had been properly transferred (Matter of Curl v Kelly, 125 AD2d 948).

The Hearing Officer's determination that petitioner was guilty of using marihuana was supported by substantial evidence, based on two positive EMIT test results (Matter of Lahey v Kelly, 71 NY2d 135), and the petition must be dismissed. We note that petitioner raises an alleged failure by respondent to comply with its own regulations regarding urine storage and testing (7 NYCRR 1020.5 [b] ["Limitations"] [2])

for the first time in his CPLR article 78 petition. The claim is untimely, and moreover it lacks merit because the regulations involved merely recommend, but do not require, that the specimen be frozen. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.