■ In the Matter of FRANK BERRIOS, Appellant, v ROBERT KUHLMANN, as Superintendent of Sullivan Correctional Facility, Respondent.—Mikoll, J. Appeal from a judgment of the Supreme Court (Hanofee, J.), entered December 2, 1987 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

In a misbehavior report dated March 11, 1987 it was alleged that petitioner, while an inmate at Sullivan Correctional Facility in Sullivan County, tested positive for two separate drugs: cannibinoid and benzodiazepine. The report was signed by Sergeant Charles Baker and endorsed by Sergeant C. Hultz, the two employees who had conducted separate tests of a urine sample obtained from petitioner on March 10, 1987. At a tier III Superintendent's proceeding, petitioner denied the charges contending that the positive test results were either due to human error or unreliable testing procedures. Eight prison employees testified including the two above-mentioned officers. Documentary evidence was also introduced. Following the hearing petitioner was found guilty of both charges and received a disciplinary penalty of 120 days' confinement in the special housing unit with loss of privileges and four months' loss of good time.

Petitioner commenced this CPLR article 78 proceeding claiming that (1) the Hearing Officer was not authorized to conduct the hearing, (2) there was a break in the chain of custody of his urine sample, (3) denial of his request for production of the urine specimen bottle and EMIT log* deprived him from preparing a defense to the misbehavior report, (4) an off-the-record conversation between the Hearing Officer and Lieutenant R. Johnson violated 7 NYCRR 253.6 (b) and (5) the Hearing Officer purportedly investigated the incident beyond the scope of his duties as a Hearing Officer. In dismissing the petition, Supreme Court found that the Hearing Officer was properly designated, that there were no breaks in the chain of custody of the urine sample nor any impropriety in the conduct of the hearing. This appeal by petitioner ensued.

There should be an affirmance. The EMIT test results provided substantial evidence to sustain the prison disciplinary charges of narcotic use (see, Matter of Lahey v Kelly, 71 NY2d 135). Petitioner's contention that the two-minute off-the-record conversation between the Hearing Officer and Johnson violated 7 NYCRR 254.6 (b), which states that "[t]he entire hearing must be electronically recorded", is without merit. This conversation related to the unavailability of an employee

---

* Respondent follows a urinalysis testing procedure set forth in Department of Correctional Services Directive No. 4937. The EMIT-st (enzyme multiple immunosassay technique) Drug Detection System (hereinafter EMIT) for measuring the presence of controlled substances in body fluids is utilized. All results obtained in the course of urinalysis testing are assembled and retained in the EMIT log.

witness on a particular day and confusion as to the date or dates on which the urine sample was procured and tested. The Hearing Officer made a statement on the record concerning the content of the conversation and Johnson testified to its substance. There was no disagreement as to the contents of the conversation.

The purpose of 7 NYCRR 254.6 (b) and a hearing record is to allow review by a higher authority (Matter of Gonzalez v LeFevre, 105 AD2d 909, 911). Since there was no dispute as to the content of the conversation, the issue of whether it was on the record is academic and the failure to record it at the time cannot be said to constitute reversible error (supra; see also, Matter of Vogelsang v Coombe, 105 AD2d 913, 914, affd 66 NY2d 835). Furthermore, there was sufficient documentary evidence and testimony in the record which established the dates which the specimen was taken and the testing conducted. Thus, no prejudicial error occurred in this regard.

Also rejected is petitioner's argument that the denial of his hearing requests for production of the urine specimen bottle and EMIT log prevented him from preparing a proper defense concerning whether proper testing procedures were followed. There is no question as to the scientific validity or reliability of the drug tests employed in this case (see, Matter of Lahey v Kelly, supra). Contrary to petitioner's assertion, Directive No. 4937 of the Department of Correctional Services does not require the production of the prisoner's urine specimen bottle at his disciplinary hearing, only that an inmate be given the specimen bottle for the purpose of obtaining the sample. Documentary evidence in the record demonstrates that appropriate testing procedures were followed by prison facility staff. There is no indication that the EMIT log or the specimen bottle have any probative value. Therefore, requests for their production were properly denied (see, Matter of Neri v Coughlin, 140 AD2d 764; Matter of Jones v Coughlin, 125 AD2d 883).

Petitioner did not need to see the specimen bottle and the EMIT log to confirm a proper chain of custody. The chain of custody information contained in the urinalysis forms has been ruled sufficient to substantiate the chain of custody despite minor deficiencies in the entries on the forms (see, Matter of Price v Coughlin, 116 AD2d 898, 899; see also, Matter of Vasquez v Coughlin, 118 AD2d 897). In the matter at bar the chain of custody form was complete.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.