██ In the Matter of ERNESTO ABREU, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services of the State of New York, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered January 18, 1989 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Following a Tier III Superintendent's hearing, petitioner, an inmate at Clinton Correctional Facility in Clinton County, was found guilty of violating State-wide prison rule 100.11 (fighting) *(see,* 7 NYCRR 270.1 [b] [1] [ii]) and punishment was imposed. This determination was affirmed upon administrative appeal and petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition on the merits and this appeal by petitioner followed.

The petition was properly dismissed. Initially, we reject petitioner's contention that the hearing was untimely commenced. The record demonstrates that an extension in order to provide petitioner with a Spanish interpreter was duly authorized, in writing, by the designee of respondent Commissioner of Correctional Services. The reason for the delay was properly on the record (7 NYCRR 251-5.1 [b]; *see, Matter of Reveron v Coughlin*, 142 AD2d 860, 861). Similarly meritless are petitioner's claims that he was denied his right to call witnesses at his hearing and that the Hearing Officer improperly took part in an off-the-record communication with a correction officer. Neither claim is supported by the record. All the witnesses requested by petitioner were called and testified. Although petitioner stated at the hearing that another, initially unknown, correction officer was involved in the incident, petitioner did not request that this individual testify, even after his name was provided to him *(see, Matter of Gomez v Coughlin*, 140 AD2d 902, 904). As for the alleged off-the-record communication, the Hearing Officer told petitioner that he had only asked the officer in question about his vacation and petitioner's case was not discussed. This exchange was undisputed and we fail to find any violation of petitioner's rights *(see, Matter of Berrios v Kuhlmann*, 143 AD2d 475).

Next, we consider petitioner's argument that the determination was not supported by substantial evidence. We note that, although this argument was apparently not clearly before Supreme Court in petitioner's *pro se* papers, and therefore no transfer occurred (CPLR 7804 [g]), a close examination of petitioner's reply papers sufficiently, although inartfully, raises the issue *(cf., Matter of Nelson v Coughlin*, 115 AD2d 131). Nonetheless, we find petitioner's contention to be lacking in merit. The misbehavior report, the testimony of three eyewitnesses and the testimony of the other inmates involved in the incident provide substantial evidence to support the charge that petitioner engaged in fighting *(see, Matter of Rogers v Coughlin*, 120 AD2d 844, 845). Petitioner's assertion that he was only acting in self-defense merely provided a credibility question that the Hearing Officer was free, under the evidence presented here, to resolve against petitioner *(see, Matter of Perez v Wilmot*, 67 NY2d 615, 617; *Matter of Garcia v Coughlin*, 153 AD2d 1000). The case of *Matter of Parker v Kelly* (140 AD2d 993) cited by petitioner is inapposite since, in the case at bar, there is evidence that petitioner was observed affirmatively striking the other inmate involved in the inci-

dent several times with his fists and did not simply push the other inmate away.

The remaining contentions raised by petitioner have been examined and have been found to be without merit.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.