■ In the Matter of GERARD SWEET, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Lewis, J.), entered April 7, 1989 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with use of a controlled substance in violation of State-wide rule 113.12 (see, 7 NYCRR 270.1 [b] [14] [iv]). At a Tier III disciplinary hearing, the results of two separate EMIT tests were received, each positive for the presence of cannabinoids in petitioner's urine. Petitioner was found guilty of the charge, punishment was imposed and, following unsuccessful administrative review, petitioner brought this CPLR article 78 proceeding to annul the determination. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Petitioner's contentions lack merit and do not warrant extended discussion. First, we reject the assertion that respondents violated applicable regulations by storing petitioner's urine sample in a refrigerator for slightly in excess of two days prior to testing. 7 NYCRR 1020.4 (e) (1) (ii) provides for refrigeration of samples which are not to be tested immediately and requires that the sample be frozen only if the specimen is not to be tested within one week. We agree with the Fourth Department that 7 NYCRR 1020.5 (b) merely recommends, and does not require, that the specimen be frozen (Matter of Krall v Kelly, 142 AD2d 951, 952). Second, we reject the contention that 7 NYCRR 1020.4 (e) (1) (iv) and 1020.5 (a) (1) required production of the control test result cards used in calibrating the testing apparatus. Each of the control tests was performed prior to analysis of a number of different urine samples, not just petitioner's, and the tests

were, accordingly, part of a preliminary or background procedure. As such, the printed results of the control tests did not constitute "documents produced by the urinalysis testing apparatus" (7 NYCRR 1020.4 [e] [1] [iv]; 1020.5 [a] [1]) with respect to analysis of petitioner's urine sample.

Judgment affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Mercure, JJ., concur.