■ In the Matter of JOE LEWIS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Auburn Correctional Facility in Cayuga County, was charged with use of a controlled substance in violation of State-wide rule 113.12 *(see,* 7 NYCRR 270.2 [B] [14] [iii]). At a tier III disciplinary hearing, the results of two separate EMIT tests were received, each positive for the presence of cocaine metabolite in a sample of petitioner's urine which was secured at the conclusion of a family reunion program visit with his wife *(see,* 7 NYCRR 1020.4 [a] [2] [ii]). Petitioner was found guilty of the charge, punishment was imposed and, following administrative review, petitioner brought this proceeding to annul the determination, which was transferred to this court pursuant to CPLR 7804 (g).

Initially, we reject the claim that respondents failed to establish a sufficient chain of custody of the urine sample. Testimony given by petitioner and another inmate that the sample was left unattended in a nonsecure area for a short period of time was contradicted by testimony of Correction Officer M. Morabito and merely provided a credibility issue which the Hearing Officer was free to resolve against petitioner *(see, Matter of Abreu v Coughlin,* 157 AD2d 1028, 1029). The chain of custody information set forth on the urinalysis forms provided a sufficient foundation for their admission *(see, Matter of Berrios v Kuhlmann,* 143 AD2d 475, 477; *Matter of Price v Coughlin,* 116 AD2d 898, 899).

We also reject the contention that respondents did not follow appropriate testing procedures. The testimony of Correction Officers A. Zentner and R. Cotter, together with their completed urinalysis procedure forms, established compliance with the relevant provisions of 7 NYCRR part 1020, including

the requirement that new positive and negative control tests be run prior to the second urinalysis test *(see,* 7 NYCRR 1020.4 [e] [1] [iv]).

Nor is there merit to the contention that petitioner was deprived of his right to present witnesses and documentary evidence. There is no evidence in the record to support the claim that requested inmate witnesses were intimidated into refusing to testify, and petitioner's request to introduce character evidence was properly denied *(see, Matter of White v Scully,* 156 AD2d 942). Finally, we find no error in respondents' refusal to provide petitioner with the quarterly proficiency report, which was neither probative of nor material to petitioner's defense *(see, Matter of Berrios v Kuhlmann, supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.