■ In the Matter of ANDRE MELETTE, Petitioner, v CARL D. BERRY, as Superintendent of Woodbourne Correctional Facility, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

On August 15, 1990 Sergeant J. Donaghy, a correction officer at Woodbourne Correctional Facility in Sullivan County, filed an inmate misbehavior report charging petitioner with use of a controlled substance. The report was based on two urine tests which indicated the presence of cannabinoids. These tests were ordered pursuant to the random testing system of the Department of Correctional Services. Petitioner was served with the report on August 18, 1990.

A tier III disciplinary hearing was held on August 23, 1990 at which petitioner raised the issue of whether the test request form had been properly executed. He noted that a

Sergeant Jilkerski's name appeared originally on the form, but that it was crossed out and the name of Lieutenant Jones was substituted thereon. Pursuant to Department rules, petitioner contends that only a watch commander or higher authority could request such test. Petitioner also contends that the urinalysis test could not have occurred at 8:43 P.M. as documented on the test form because the urine sample had already been returned to the refrigerator at 8:26 P.M.

Petitioner was found to have violated rule 113.12 (7 NYCRR 270.2 [B] [14] [iii]) and a penalty of 60 days in the special housing unit, loss of specified privileges and loss of 120 days of good time was recommended by the Hearing Officer. This determination was administratively affirmed.

We find no merit in petitioner's contentions of error. The request for a urine test was ordered on authority of the Department. The substitution of Lieutenant Jones' name, the watch officer, as the approving officer on the form was in accordance with Department rules. His name could be affixed thereon by staff. Furthermore, all that is required is a reasonable compliance with regulatory procedures (see, Matter of Hop Wah v Coughlin, 153 AD2d 999, lv denied 75 NY2d 705).

We also find no merit to petitioner's contention that the time of the urine test is controverted by the notations on the test form. Petitioner offers nothing more than inadequate speculation and surmise (see, Matter of Curry v Coughlin, 175 AD2d 970). Moreover, the decision is supported by substantial evidence. The forms presented in evidence by respondent indicate the procedures used, the results thereof and the positive finding of cannabinoids.

Weiss, P. J., Yesawich Jr. and Levine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.