◼ In the Matter of REGINALD MARTIN, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of Correctional Services of the State of New York, et al., Respondents. [598 NYS2d 370] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner, an inmate at Elmira Correctional Facility in Chemung County, was found guilty of violating State-wide rule 113.12 (see, 7 NYCRR 270.2 [B] [14] [iii]) prohibiting the use of controlled substances. Two EMIT drug tests proved positive for the presence of cannabinoids in a sample of petitioner's urine taken as part of a random urinalysis testing at the facility (see, 7 NYCRR 1020.4 [a] [3]). Upon administrative review, the

finding of guilt was affirmed and petitioner then commenced this CPLR article 78 proceeding seeking to annul that determination.

In our view, the positive EMIT test results provide substantial evidence to support the finding that petitioner had used an illegal drug *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 143; *Matter of Holmes v Coughlin,* 182 AD2d 1121). Contrary to petitioner's contention, both the testimony and documentary evidence established compliance with the relevant regulatory procedures *(see,* 7 NYCRR 1020.4 [e]; *Matter of Lewis v Coughlin,* 172 AD2d 889). Although petitioner claimed that the correction officers performing the tests in fact only performed one test, the record indicates that two tests were conducted, and there is no support in the record for petitioner's assertion that proper testing procedures were not followed. Nor is there any evidentiary support for petitioner's claim that the same vial was used for both tests.

We also reject petitioner's contention that he was denied an opportunity to present evidence in his defense. The only two witnesses he requested to testify were permitted to do so, and he received all of the documentary evidence to which he was entitled. Petitioner's remaining arguments have been considered and rejected as either unpreserved for review or lacking in merit.

Weiss, P. J., Mikoll, Yesawich Jr., Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.