■ THOMAS MINIERI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 83195.) [613 NYS2d 510] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Following a Tier III disciplinary hearing, claimant was found guilty of charges stemming from his alleged participation in a prison demonstration at Attica Correctional Facility. He was sentenced to 730 days' confinement in a Special Housing Unit (SHU) and to loss of various privileges. At the disciplinary hearing, the Hearing Officer refused to view a videotape of the demonstration, which claimant asserted would exonerate him. Because of the Hearing Officer's refusal to view the videotape, the Commissioner of the New York State Department of Correctional Services reversed the determination and vacated claimant's sentence. By then, claimant had served 204 days in the SHU. Claimant was not released until 40 days after the reversal. The Court of Claims awarded claimant $7 per day in damages for the 40 days' confinement, but refused to award damages for the 204 days' confinement preceding the reversal.

We reject claimant's contention that the Court of Claims erred in failing to award damages for the period of claimant's confinement in the SHU prior to reversal of the Superintendent's determination. Corrections personnel are entitled to absolute immunity for those "discretionary decisions in furtherance of general policies and purposes where the exercise of reasoned judgment can produce different acceptable results" *(Arteaga v State of New York,* 72 NY2d 212, 219). The Hearing Officer's refusal to view the videotape was a discretionary decision made while he was acting in a quasi-judicial role and is afforded absolute immunity. Claimant's confinement in the SHU prior to the reversal of the determination is, therefore, not compensable.

We conclude, however, that the record supports an award of $10 per day in damages *(see, Mesick v State of New York,* 118 AD2d 214, 219-220, *lv denied* 68 NY2d 611; *Koester v State of New York,* 90 AD2d 357, 363-365), and modify by increasing claimant's award of damages to $400 plus interest at the statutory rate *(see,* CPLR 5004). (Appeal from Judgment of Court of Claims, NeMoyer, J.—Wrongful Imprisonment.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.