■ In the Matter of CHARLES FRAZIER, Petitioner, v PHILIP COOMBE, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [637 NYS2d 512] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which found petitioner guilty of violating a prison disciplinary rule.

On June 22, 1994 Sergeant J. Donaghy, a correction officer at Woodbourne Correctional Facility in Sullivan County, filed an inmate misbehavior report charging petitioner with use of a controlled substance. The report was based upon two urine tests that indicated the presence of cannabinoids. The tests were performed because an assertedly reliable source had informed the facility staff that petitioner was using drugs. A tier III disciplinary hearing was thereafter held at which petitioner pleaded not guilty, claiming that a false positive result was produced because he had been fasting for two days

prior to the urinalysis, was on prescription medicine for hypertension and had also been taking nonprescription hay fever medication and a multivitamin. Testimony from several witnesses was heard, including that of the facility nurse and one of the facility physicians, who testified that none of the medications petitioner was taking would cause a false positive test result. Petitioner was found guilty of the charge and a penalty was imposed. Following the denial of petitioner's administrative appeal, he indeed commenced this CPLR article 78 proceeding.

We have examined all of petitioner's challenges to respondents' determination and, to the extent that such claims are properly before this court, we find them to be lacking in merit. Contrary to petitioner's assertions, the record demonstrates that the hearing was properly conducted and that he was afforded ample opportunity to present relevant evidence in his defense (*see, Matter of Martin v Coughlin*, 193 AD2d 989, 990). We find similarly unavailing petitioner's attacks upon the validity of the positive test results that formed the basis for the determination of guilt. All that is required is reasonable compliance with regulatory procedures (*see, Matter of Melette v Berry*, 181 AD2d 950, *lv dismissed* 80 NY2d 1022). Finally, we find no evidence in the record to support petitioner's claims of bias or partiality affecting the outcome of the hearing (*see, Matter of Joyce v Coughlin*, 219 AD2d 777, 778) and the presence of Donaghy at the hearing did not violate petitioner's due process rights (*see, Matter of Taylor v Coughlin*, 135 AD2d 992, 993-994).

Mikoll, J. P., White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.