■ In the Matter of JAMES T. KUSSIUS, Petitioner, v HANS WALKER, as Superintendent of Auburn Correctional Facility, Respondent. [668 NYS2d 784] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner challenges a prison disciplinary determination finding him guilty of drug use and failure to comply with Family Reunion Program guidelines. The charges were based on the positive results of two EMIT tests. Petitioner contends that proper drug testing procedures were not followed; that there are irregularities and alterations on the testing documents; that petitioner was improperly denied access to documentary evidence; that the Hearing Officer improperly relied on off-the-record testimony; and that the determination is not supported by substantial evidence.

The record establishes that the tests upon petitioner's urine were performed in accordance with the applicable regulation (*see,* 7 NYCRR 1020.4 [e]; *Matter of Frazier v Coombe*, 224 AD2d 794, 795). The minor alterations to certain testing docu-

ments are not material or prejudicial (*cf., Matter of Martinez v Ross*, 243 AD2d 914; *Matter of Saldana v Coombe*, 241 AD2d 584), nor is there any requirement that the misbehavior report be signed by the area supervisor (*see*, 7 NYCRR 251-3.1 [b]). The regulations and due process do not require that petitioner be provided with a copy of the Syva ETS operation manual (*see*, 7 NYCRR 1020.4 [e] [1] [iv]; 1020.5 [a] [1]; *Matter of Sweet v Coughlin*, 161 AD2d 1005, 1005-1006; *cf., Matter of Greene v Keane*, 211 AD2d 681; *Matter of Berrios v Kuhlmann*, 143 AD2d 475).

The Hearing Officer's off-the-record conversation with the correction officer did not deprive petitioner of due process. There was no dispute about the substance of the conversation (*see, Matter of Berrios v Kuhlmann, supra*, at 476-477). Further, because the conversation did not establish any fact not established by the documentary evidence, there was no prejudice to petitioner (*cf., Matter of Berrios v Kuhlmann, supra*, at 477).

Finally, the misbehavior report setting forth the positive results of two EMIT tests constitutes substantial evidence supporting the charges of drug use (*see, e.g., Matter of Lahey v Kelly*, 71 NY2d 135; *Matter of Montalalou v Coombe*, 242 AD2d 917, *lv denied* 91 NY2d 805). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Denman, P. J., Pine, Hayes, Balio and Boehm, JJ.