■ In the Matter of JAMES CURETON, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [691 NYS2d 370] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was found guilty of violating former inmate rule 113.12 (7 NYCRR 270.2 [B] [14] [former (iii)] [use of narcotic or controlled substance]). There is no merit to the contention that the Hearing Officer was required to consider the reliability of the confidential informant who provided information that resulted in the urinalysis test (*see, Matter of Mitchell v Selsky*, 252 AD2d 639, 640; *Matter of Brown v Coombe*, 241 AD2d 644; *see also,* 7 NYCRR 1020.4 [a] [1] [iii]). Nor is there any merit to the contention that petitioner is entitled to a copy of the operation manual for the drug testing equipment (*see, Matter of Kussius v Walker*, 247 AD2d 911, 912; 7 NYCRR 1020.4 [e] [1] [iv]; 1020.5 [a] [1]; *see also, Matter of Sweet v Coughlin*, 161 AD2d 1005, 1005-1006). Finally, petitioner contends that cannabinoids are not narcotics or controlled substances. Petitioner cites no legal authority for that proposition and there are numerous cases upholding violations of former inmate rule 113.12 where the substances at issue were cannabinoids (*see, e.g., Matter of Martinez v Costello*, 251 AD2d 994). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Orleans County, Punch, J.) Present—Denman, P. J., Pine, Wisner, Hurlbutt and Callahan, JJ.