■ In the Matter of ALLEN DAVID, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [726 NYS2d 590] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules that prohibit the unauthorized use of a controlled substance and violating temporary release program rules after his urine sample twice tested positive for the presence of cocaine upon his return from temporary release. Contrary to petitioner's assertion, the record establishes that a proper foundation was set for the introduction of the urinalysis test results and that the correction officers who conducted the urinalysis reasonably complied with the testing procedures. The request for urinalysis form and testimony received at the hearing reveals that the chain of custody was sufficiently documented (see, Matter of Acosta v Bennett, 273 AD2d 678). Furthermore, a review of the record documents, including the calibration rates, together with the testimony of the correction officer who performed the second urinalysis test refute petitioner's challenge to the reliability of the test results. We also reject petitioner's assertion of Hearing Officer bias despite petitioner's claim that he was precluded from asking questions during the hearing (see generally, Matter of Gonzalez v Goord, 272 AD2d 797 appeal and lv dismissed 96 NY2d 728; Matter of Omaro v Goord, 269 AD2d 629). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.