■ In the Matter of DERRICK CANE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.

[749 NYS2d 910] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rule that prohibits the unauthorized use of a controlled substance. We are unpersuaded by petitioner's contention that the two positive test results are invalid because they were not performed correctly. A review of the documentary evidence, including the calibration rates, and testimony of the correction officer who was certified to and did perform the tests verifies that proper testing procedures were followed (*see Matter of David v Goord*, 284 AD2d 752; *Matter of Frazier v Coombe*, 224 AD2d 794; *Matter of Berrios v Kuhlmann*, 143 AD2d 475). Furthermore, even if preserved for our review (*see Matter of Vale v Selsky*, 234 AD2d 714), we would find that neither any alleged off-the-record discussions between petitioner and the Hearing Officer nor the Hearing Officer's knowledge that petitioner had recently submitted another urine sample affected the determination of guilt (*see Matter of Steward v Selsky*, 266 AD2d 605). To that end, the evidence relied upon by the Hearing Officer, specifically the misbehavior report and two urinalysis tests yielding positive results for opiates, provide substantial evidence to support the determination of guilt (*see Matter of Heradia v Goord*, 294 AD2d 697).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.