■ In the Matter of MICHAEL M.J. MATHIE IV, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [755 NYS2d 340] —Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of using a controlled substance based upon the positive results of two urine tests. We reject petitioner's contention that he was prevented from preparing a

---

proper defense because his request for the printouts of the calibration tests that are conducted at the beginning of each testing session was denied. In relevant part, 7 NYCRR 1020.4 (e) (1) (iv) provides that, following a positive result from an initial urinalysis test, a second test shall be performed. If a positive result is obtained from the second test, the inmate must be issued a misbehavior report together with, inter alia, "the printed documents produced by the urinalysis testing apparatus for the positive tests" (7 NYCRR 1020.4 [e] [1] [iv]). Petitioner was not provided with copies of the printouts generated during the calibration of the urinalysis machine, but did receive the calibration slips from the urinalysis tests which indicated the presence of opiates and, thus, we find that he was given all the documents to which he was entitled (*see e.g. Matter of Sweet v Coughlin*, 161 AD2d 1005, 1005-1006 [1990]).

Nor is there merit to petitioner's argument that the negative results of a forensic hair analysis conducted at his expense by an outside laboratory and submitted to the facility's superintendent require annulment of the administrative determination. The misbehavior report, the positive results of the urinalysis tests and the testimony of the correction officer who obtained and tested the specimen constitute substantial evidence to support the determination (*see Matter of Lahey v Kelly*, 71 NY2d 135, 138 [1987]; *Matter of Rodriguez v Goord*, 268 AD2d 831 [2000]). Furthermore, petitioner's unsupported allegation that the disciplinary charges were fabricated against him by the Inspector General's office and the misbehavior report was written in retaliation for his well-publicized success as a stock trader and human rights litigant raised an issue of credibility that was within the power of the Hearing Officer to resolve (*see Matter of Green v Williams*, 252 AD2d 974, 975 [1998]; *Matter of Bramble v Mead*, 242 AD2d 858, 859 [1997], *lv denied* 91 NY2d 803 [1997]). Petitioner's remaining issues, including his allegations of hearing officer bias, have been considered and rejected as lacking in merit.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.