OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the facts, the simplified traffic information is dismissed, and the fine, if paid, is remitted.
Defendant was charged in a simplified traffic information with using a mobile telephone while operating a motor vehicle (Vehicle and Traffic Law § 1225-c [2] [a]). At a nonjury trial, a New York State Trooper testified that, on December 16, 2014, at approximately 10:01 a.m., while driving in an unmarked police vehicle on the Southern State Parkway, he had observed defendant’s vehicle pass in the left lane while defendant, who was driving, had his right hand up to his right ear talking on a cell phone. Defendant testified that he had not been engaged in a call at that time and proffered a mobile telephone bill to demonstrate that fact.
Vehicle and Traffic Law § 1225-c (2) (a) provides that “no person shall operate a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion . . . .” For purposes of the statute, “using” a mobile telephone means holding a mobile telephone to, or in the immediate proximity of, the user’s ear (Vehicle and Traffic Law § 1225-c [1] [c] [i]), and “engage in a call” means “talking into or listening on a hand-held mobile telephone, but shall not include holding a mobile telephone to activate, deactivate or initiate a function of such telephone” (Vehicle and Traffic Law § 1225-c [1] [f]). Moreover,
“[a]n operator of any motor vehicle who holds a mobile telephone to, or in the immediate proximity of, his or her ear while such vehicle is in motion is presumed to be engaging in a call within the mean *23 ing of this section . . . [and] [t]he presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not engaged in a call” (Vehicle and Traffic Law § 1225-c [2] [b]).
The statute in question is not violated merely by holding a mobile telephone to, or in the immediate proximity of, one’s ear (see Vehicle and Traffic Law § 1225-c [1] [c] [i]); rather, the driver of the vehicle must also actually be engaged in a call, as defined in Vehicle and Traffic Law § 1225-c (1) (f), while the vehicle is in motion (see Vehicle and Traffic Law § 1225-c [2] [a]). Here, the Trooper’s testimony that defendant was holding a cell phone to his right ear while the vehicle he was driving was in motion gave rise to a presumption that defendant had been engaged in a call (see Vehicle and Traffic Law § 1225-c [2] [b]). Based on the record presented herein, defendant sufficiently rebutted that presumption (see Vehicle and Traffic Law § 1225-c [2] [b]) by testifying that he had not been engaged in a call on December 16, 2014 at or near 10:01 a.m., the date and time when the officer testified that he had observed defendant holding the mobile phone up to his ear while driving, and by proffering a copy of a portion of his mobile telephone bill into evidence which confirmed this fact. Consequently, after examining all of the evidence adduced at trial and weighing the conflicting testimony, we find that the verdict convicting defendant of violating Vehicle and Traffic Law § 1225-c (2) (a) was against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]).
In view of the foregoing, we need not consider defendant’s remaining contentions which, in any event, are either raised for the first time on appeal or rely on matters which are dehors the record (see People v Anghel, 44 Misc 3d 134[A], 2014 NY Slip Op 51158 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Bregaudit, 31 Misc 3d 152[A], 2011 NY Slip Op 51136[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
Accordingly, the judgment of conviction is reversed and the simplified traffic information is dismissed (see CPL 470.20 [5]; People v Romero, 7 NY3d 633, 643-644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]).
Tolbert, J.P., Garguilo and Brands, JJ., concur.