Lynch, J.
 

 Appeals (1) from an order of the Court of Claims (Collins, J.), entered April 11, 2016, which, among other things, denied claimant’s motion for summary judgment, and (2) from an order of said court, entered November 3, 2016, which denied claimant’s motion to reargue.
 

 Following a tier III disciplinary hearing, claimant, a prison inmate, was found guilty of harassing a grievance supervisor and a penalty was imposed. Upon claimant’s administrative appeal, the disciplinary determination was reversed, and all references thereto were expunged from claimant’s institutional record. Claimant thereafter filed this claim for damages—alleging that he had been wrongfully confined to the facility’s special housing unit for 78 days as a result of the flawed disciplinary determination. Specifically, claimant contended that he was denied due process because the Hearing Officer impermissibly curtailed his questioning of the grievance supervisor, improperly turned off the tape recording of the disciplinary hearing and, thereafter, abruptly ended the hearing. Defendant answered and asserted, among other things, that it was immune from liability for the discretionary acts of the Hearing Officer undertaken in the context of the disciplinary determination. Claimant thereafter moved for summary judgment, which defendant opposed. The Court of Claims denied claimant’s motion for summary judgment and, upon searching the record, sua sponte granted summary judgment in favor of defendant and dismissed the claim. Claimant’s subsequent motion to reargue proved to be unsuccessful, prompting these appeals.
 

 Preliminarily, inasmuch as “no appeal lies from the denial of a motion to reargue” (Schillaci v Sarris, 122 AD3d 1085, 1087 [2014]), claimant’s appeal from the Court of Claims’ November 2016 order must be dismissed (see Murray Bresky Consultants, Ltd v New York Compensation Manager’s Inc., 106 AD3d 1255, 1261-1262 [2013]). As to the merits of the wrongful confinement claim, the case law makes clear that the “actions of correctional facility employees with respect to inmate discipline matters are quasi-judicial in nature and, unless the employees exceed the scope of their authority or violate the governing statutes and regulations, [defendant] has absolute immunity for those actions” (Holloway v State of New York, 285 AD2d 765, 765 [2001]; accord Loret v State of New York, 106 AD3d 1159, 1159 [2013], lv denied 22 NY3d 852 [2013]; Davidson v State of New York, 66 AD3d 1089, 1090 [2009]; see Arteaga v State of New York, 72 NY2d 212, 218-220 [1988]; Shannon v State of New York, 111 AD3d 1077, 1077 [2013]; Mitchell v State of New York, 32 AD3d 594, 594-595 [2006]). Contrary to claimant’s assertion, the record before us fails to demonstrate that the Hearing Officer either exceeded the scope of her authority or violated any of the pertinent governing regulations.
 

 An inmate’s right to call witnesses at a prison disciplinary hearing is conditional (see Matter of Kalwasinski v Venettozzi, 151 AD3d 1417, 1418 [2017]; Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]; Matter of Johnson v Prack, 122 AD3d 1323, 1323 [2014]), i.e., an “inmate may call witnesses on his [or her] behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals” (7 NYCRR 254.5 [a]; see Matter of Cortorreal v Annucci, 28 NY3d 54, 58 [2016]). Accordingly, an inmate may not ask a particular witness any question that he or she desires; rather, it is for the Hearing Officer—in his or her quasi-judicial role—to ascertain whether the questions posed will elicit material and relevant testimony and, correspondingly, to curtail testimony that is immaterial, irrelevant and/or redundant (see Matter of Taylor v Fischer, 89 AD3d 1298, 1299 [2011]; cf. Minieri v State of New York, 204 AD2d 982, 982 [1994]). In this regard, claimant concedes that he was permitted to ask the grievance supervisor certain questions, but challenges the Hearing Officer’s denial of his request to ask additional questions. Even assuming, without deciding, that the Hearing Officer abused her discretion in denying claimant’s request, the action taken fell within her discretionary authority, and claimant has failed to demonstrate a violation of the subject regulation (cf. Holloway v State of New York, 285 AD2d at 766). Claimant’s related assertion—that the Hearing Officer abruptly ended both the testimony of the grievance supervisor and the hearing itself—fails for similar reasons, as the manner in which the disciplinary hearing was conducted was a matter committed to the Hearing Officer’s reasoned judgment (see Arteaga v State of New York, 72 NY2d at 218-219).
 

 We reach a similar conclusion regarding claimant’s assertion that the Hearing Officer violated 7 NYCRR 254.6 (a) (2), which provides, in relevant part, that “[t]he entire hearing must be electronically recorded.” On this point, there does not appear to be any dispute that claimant and the Hearing Officer engaged in an off-the-record discussion during the course of the disciplinary hearing. To the extent that claimant contends that he was denied due process in this regard, we note that “[t]he failure to electronically record a [disciplinary] hearing involves a regulatory rather than a fundamental right” (Matter of Weiss v Coughlin, 199 AD2d 638, 639 n [1993]). Further, while claimant asserts that the off-the-record conversation necessarily colored the Hearing Officer’s determination, nothing in the record suggests that the Hearing Officer elicited any proof during the course of this conversation that, in turn, formed the basis for her ultimate determination (compare Matter of Berrios v Kuhlmann, 143 AD2d 475, 476-477 [1988], with Matter of Lopez v Selsky, 5 AD3d 897, 898 [2004]). Under these circumstances, we discern neither prejudice to claimant nor a regulatory violation (see Matter of Kussius v Walker, 247 AD2d 911, 912 [1998]; Matter of Berrios v Kuhlmann, 143 AD2d at 477; see also Matter of Abdur-Raheem v Mann, 200 AD2d 918, 920 [1994], affd 85 NY2d 113 [1995]; Matter of Abreu v Coughlin, 157 AD2d 1028, 1029 [1990]).
 

 Finally, to the extent that claimant alleges that the underlying disciplinary determination was not supported by substantial evidence and/or was the product of Hearing Officer bias, suffice it to say that ascertaining whether there is substantial evidence to support a finding of guilt involves the very sort of quasi-judicial, discretionary conduct for which defendant enjoys absolute immunity (see Arteaga v State of New York, 72 NY2d at 218-219). Accordingly, the Court of Claims properly awarded summary judgment in favor of defendant and dismissed the claim.
 

 McCarthy, J.P., Devine, Clark and Pritzker, JJ., concur.
 

 Ordered that the order entered April 11, 2016 is affirmed, without costs. Ordered that the appeal from the order entered November 3, 2016 is dismissed, without costs.