Matter of Notman v New York State Dept. of Health (2018 NY Slip Op 04874)





Matter of Notman v New York State Dept. of Health


2018 NY Slip Op 04874


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


614 TP 17-01949

[*1]IN THE MATTER OF JOHN NOTMAN, EXECUTOR OF THE ESTATE OF FLORENCE NOTMAN, DECEASED, MEDICAID RECIPIENT, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF HEALTH AND COMMISSIONER HOWARD ZUCKER, RESPONDENTS. 






CERIO LAW OFFICES, SYRACUSE (DAVID W. HERKALA OF COUNSEL), FOR PETITIONER.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Onondaga County [Spencer J. Ludington, A.J.], entered October 31, 2016) to review a determination denying petitioner's request for a fair hearing. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying as untimely his request for a fair hearing to review the net adjusted monthly income (NAMI) attributed to petitioner's decedent for Medicaid purposes in 2013. A request for a fair hearing must be made "within sixty days of the action or failure to act complained of" (Social Services Law § 22 [4] [a]; see 18 NYCRR 358-3.5 [b] [1]), and the failure to do so deprives an agency of authority to review any challenge thereto (cf. Matter of Bryant v Perales, 161 AD2d 1186, 1186-1187 [4th Dept 1990], lv denied 76 NY2d 710 [1990]). Here, petitioner confirmed multiple times before the Administrative Law Judge (ALJ) that he was seeking review of the December 12, 2012 NAMI determination made by the Onondaga County Department of Social Services on behalf of respondent New York State Department of Health, and there is no dispute that petitioner's request for a fair hearing was made over a year after that determination. Petitioner contends that his request for a fair hearing was timely because it was made within 60 days of an alleged April 2014 telephonic denial of a NAMI recalculation. Although during the proceedings before the ALJ petitioner referenced the April 2014 phone call in support of his argument that the applicable statute of limitations should be tolled, the contention that this phone call constituted a separate and distinct determination is raised for the first time in his CPLR article 78 petition. A new contention " may not be raised for the first time before the courts in [a CPLR] article 78 proceeding' " (Matter of Peckham v Calogero, 12 NY3d 424, 430 [2009]; see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Matter of Krall v Kelly, 142 AD2d 951, 951-952 [4th Dept 1988]). Petitioner's failure to raise that issue before the ALJ deprived "the administrative agency of the opportunity to prepare a record reflective of its expertise and judgment" with respect to whether the April 2014 telephone conversation constituted an application by petitioner for a NAMI recalculation and a denial thereof on which petitioner was entitled to a fair hearing (Yarbough, 95 NY2d at 347 [internal quotation marks omitted]; see Social Services Law § 22 [1], [5]), and thus petitioner has yet to exhaust his administrative remedies with respect to that issue.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court