The People of the State of New York, Respondent,
against
Eliezer Fried, Appellant.




Matisyahu Wolfberg, for appellant.
Orange County District Attorney, for respondent (no brief filed).

Appeal from judgments of the Justice Court of the Town of Wallkill, Orange County (Joseph Owen, J.), rendered May 5, 2017. The judgments convicted defendant, after a nonjury trial, of failing to yield the right of way to an emergency vehicle, failing to keep right, stopping or standing on a highway blocking a passing lane and failing to signal, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
In separate simplified traffic informations, defendant was charged with failing to yield the right of way to an emergency vehicle (Vehicle and Traffic Law § 1144 [a]), failing to keep right (Vehicle and Traffic Law § 1120 [b]), stopping or standing on a highway blocking a passing lane (Vehicle and Traffic Law § 1201 [a]), and failing to signal (Vehicle and Traffic Law § 1163 [d]), respectively. The proceedings were not recorded by a court stenographer or by an electronic recording device. Following a nonjury trial, the Justice Court found defendant guilty of all charges. Defendant filed an affidavit of errors wherein he alleged, among other things, that he had been denied due process based upon the Justice Court's failure to electronically record the trial proceedings, and that the court erred in denying his motion to dismiss the "summonses" on the ground that no supporting depositions had been served upon him.
On appeal, defendant contends, among other things, that he was denied due process when the Justice Court failed to electronically record the trial proceedings.
The Justice Court is not designated as a court of record (see People v Smith, 27 NY3d 643, 649 [2016]). Although the Chief Administrative Judge of the State of New York issued a directive requiring the mechanical recording of all town and village court proceedings (see Administrative Order of Chief Admin. Judge of Cts. AO/245/08 [May 21, 2008]), the failure to mechanically record defendant's trial involves an administrative matter, not a fundamental right (see Diaz v State, 155 AD3d 1279 [2017]). Consequently, defendant's due process rights were not violated.
Contrary to defendant's further contention, the Justice Court did not improvidently exercise its discretion in denying his oral motion to dismiss the simplified traffic informations on the ground that he was not served with supporting depositions (see CPL 170.30 [1] [a]; 170.45, 210.45 [1]; cf. People v Nuccio, 78 NY2d 102, 104 [1991]; People v Sperandeo, 52 Misc 3d 135[A], 2016 NY Slip Op 51032[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Defendant's remaining contentions are either without merit, or are raised for the first time on appeal and not properly before this court (see People v Wells, 57 Misc 3d 21, 23 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
Accordingly, the judgments of conviction are affirmed.
BRANDS, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 27, 2018