The People of the State of New York, Respondent,
against
Kelly Ruiz, Appellant.




Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (W. Alexander Melbardis, J.H.O., at dismissal motion; Patricia M. Filiberto, J.H.O., at trial and sentencing), rendered May 9, 2018. The judgment convicted defendant, after a nonjury trial, of operating a motor vehicle upon a public highway while using a mobile telephone, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
On September 23, 2017, the People charged defendant, in a simplified traffic information, with operating a motor vehicle upon a public highway while using a mobile telephone (Vehicle and Traffic Law § 1225-c [2] [a]), alleging that, at 8:08 a.m. on that day, defendant had used a mobile phone while operating her vehicle on the Long Island Expressway in the Town of Islip, Suffolk County, New York. The supporting deposition states that, at the time and place alleged, the trooper had observed defendant "using a cell phone while traveling west on I-495."
Prior to the trial, defendant moved to dismiss the accusatory instrument on the grounds of lack of jurisdiction, facial insufficiency, and the unconstitutionality of article 14-B of the General Municipal Law, in particular, the provisions therein which provide for the functions of "traffic prosecutors" (see General Municipal Law § 374). In an order dated May 7, 2018, the court (W. Alexander Melbardis, J.H.O.) denied the motion in all respects. Defendant renews those [*2]arguments on the appeal from the judgment convicting her, after a nonjury trial, of the charge. Defendant also challenges, among other things, the legal sufficiency of the evidence at trial and asserts that the verdict was against the weight of the evidence.
The statutory scheme establishing the Traffic and Parking Violations Agency (TPVA) and the role of "traffic prosecutors," who are authorized to appear in any court where appropriate to the exercise of their mandate (see General Municipal Law § 70), has been upheld against constitutional and statutory challenges (see Matter of Dolce v Nassau County Traffic and Parking Violations Agency, 7 NY3d 492 [2006]; People v Celauro, 25 Misc 3d 126[A], 2009 NY Slip Op 52015[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; Medrano v Margiotta, 2017 WL 886986 [EDNY 2017]), as have other prosecutorial schemes involving the delegation of the prosecutions of offenses (see People v Davidson, 27 NY3d 1083, 1093 [2016]; People v Soddano, 86 NY2d 727, 728 [1995]; People v Czajka, 11 NY2d 253, 254 [1962]; Matter of People v Christensen, 77 AD3d 174, 189 [2010]).
A facially sufficient simplified traffic information and supporting deposition must provide facts which, if true, establish reasonable cause to believe that the defendant committed the offense charged (see CPL 100.25 [2]; 100.40 [2]; People v Key, 45 NY2d 111, 116 [1978]). Upon "a fair and not overly restrictive or technical reading" of the accusatory instrument (People v Casey, 95 NY2d 354, 360 [2000]), and "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), we find that the facts, from which all "reasonable inferences" may be drawn (People v Jackson, 18 NY3d 738, 747 [2012]), sufficed to afford defendant the requisite notice to allow her to prepare a defense and to prevent her from being prosecuted again for the same offense (see e.g. People v Casey, 95 NY2d at 360; People v Ermmarino, 60 Misc 3d 50, 56 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Wells, 57 Misc 3d 21, 22-23 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
The trial evidence was legally sufficient to establish the elements of the offense. While patrolling the Long Island Expressway in the center lane, the trooper looked to his right and observed defendant operating her vehicle in the right lane, only 15 feet distant, with one hand on the wheel and the other holding a cell phone three to five inches from her face. Vehicle and Traffic Law § 1225-c (2) (b) provides that the mere act of holding a mobile phone "in the immediate proximity of . . . [an] ear" creates a presumption that the accused is "engaging in a call while using a mobile phone" as prohibited by the statute, and defendant herein did not offer any evidence to rebut that presumption. The presumption operates without any evidence as to the specifics of that using, such as whether the accused was speaking, using fingers to operate the phone, or otherwise indicating that he or she was "engaged in a call" (see e.g. Matter of Smilow v New York State Dept. of Motor Vehs., 95 AD3d 1023, 1024 [2012] [a person's holding a cell phone approximately three to five inches from his right ear establishes the requisite "proximity"]).
Affording the required deference to the trial court's opportunity to view the People's witness, hear his testimony, and observe his demeanor (People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find, upon a review of the record, that the conviction was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). 
Finally, this court has repeatedly rejected claims that administrative fees imposed upon [*3]convictions of traffic offenses in traffic and parking violations agencies are illegal as preempted by state law (see People v Ermmarino, 60 Misc 3d 50, 56 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Massian, 60 Misc 3d 134[A], 2018 NY Slip Op 51048[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Gray, 58 Misc 3d 155[A], 2018 NY Slip Op 50184[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 13, 2019