The People of the State of New York, Respondent,
against
Michael R. Sweeney, Appellant.




 David A. Mansfield, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Martin Kerins, J.H.O.), rendered February 9, 2015. The judgment convicted defendant, after a nonjury trial, of operating a motor vehicle upon a public highway while using a mobile telephone.




ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, after a nonjury trial, of operating a motor vehicle upon a public highway while using a mobile telephone (Vehicle and Traffic Law § 1225-c [2] [a]). The officer who had executed the simplified traffic information testified that, while monitoring traffic on Middle Country Road, she had observed defendant operating his vehicle, only 20 feet distant, with one hand holding a cell phone less than six inches from his face. Defendant testified that he had been holding his wallet rather than a cell phone, and sought to introduce certain cell phone records to demonstrate that he had not been engaged in a phone call at the relevant time. The District Court sustained the People's objection to the admission of the proffered cell phone records. Defendant now appeals. 
To the extent that defendant's contention on appeal may be construed as a challenge to the legal sufficiency of the evidence, it is unpreserved for appellate review, as he made only a general motion for a trial order of dismissal at the close of the People's case (see People v [*2]Carncross, 14 NY3d 319, 324-325 [2010]; People v Hawkins, 11 NY3d 484, 491-492 [2008]) and failed to renew that motion after presenting his own evidence (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Hines, 97 NY2d 56, 61 [2001]; People v Acevedo, 136 AD3d 1386, 1386 [2016]; cf. People v Finch, 23 NY3d 408, 412, 416 [2014]). In any event, defendant's legal sufficiency claim lacks merit.
Vehicle and Traffic Law § 1225-c (2) (a) provides that "no person shall operate a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion . . . ." For purposes of the statute, "using" a mobile telephone means "holding a mobile telephone to, or in the immediate proximity of, the user's ear" (Vehicle and Traffic Law § 1225-c [1] [c] [i]), and "engage in a call" means "talking into or listening on a hand-held mobile telephone, but shall not include holding a mobile telephone to activate, deactivate or initiate a function of such telephone" (Vehicle and Traffic Law § 1225-c [1] [f]). Moreover, Vehicle and Traffic Law § 1225-c (2) (b) provides that "[a]n operator of any motor vehicle who holds a mobile telephone to, or in the immediate proximity of, his or her ear while such vehicle is in motion is presumed to be engaging in a call within the meaning of this section[, and t]he presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not engaged in a call."
Here, the officer's testimony that defendant was holding a cell phone in his hand, in close proximity to his face, while his vehicle was in motion gave rise to a presumption that defendant had been engaged in a call on a hand-held mobile telephone while operating his motor vehicle (see People v Ferguson, 56 Misc 3d 140[A], 2017 NY Slip Op 51097[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Phillips, 50 Misc 3d 134[A], 2016 NY Slip Op 50038[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). This evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of operating a motor vehicle upon a public highway while using a mobile telephone (see People v Asvazadourain, 59 Misc 3d 137[A], 2018 NY Slip Op 50567[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony and observe their demeanor (see People v Romero, 7 NY3d 633, 644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant's testimony that he was holding a wallet rather than a cell phone merely created a credibility question to be resolved by the District Court (see People v Schulz, 4 NY3d 521, 530 [2005]; People v Vecchio, 31 AD3d 674, 674 [2006]), and we perceive no basis to disturb the court's explicit credibility determination that defendant was holding a cell phone while driving (see People v Asvazadourain, 59 Misc 3d 137[A], 2018 NY Slip Op 50567[U]). Therefore, as the officer testified that she had observed the cell phone less than six inches from defendant's face, the presumption that defendant had been engaged in a call on a hand-held mobile telephone while operating his motor vehicle arose. The burden then shifted to defendant to rebut this presumption by demonstrating that he had not been engaged in a call. As defendant failed to present any evidence beyond his bare testimony—which was discredited by the court—to rebut the presumption, the verdict convicting defendant of violating Vehicle and Traffic Law § 1225-c (2) (a) was not against the weight of the evidence (see People v Ruiz, 64 [*3]Misc 3d 127[A], 2019 NY Slip Op 50984[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Ermmarino, 60 Misc 3d 50, 56 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Tzotzchev, 43 Misc 3d 138[A], 2014 NY Slip Op 50709[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; cf. People v Wells, 57 Misc 3d 21, 23 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Ferguson, 56 Misc 3d 140[A], 2017 NY Slip Op 51097[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). 
Nor are we persuaded that the District Court erred in precluding the cell phone records proffered by defendant. "Trial courts are accorded wide discretion in making evidentiary rulings and, absent an abuse of discretion, those rulings should not be disturbed on appeal" (People v Carroll, 95 NY2d 375, 385 [2000] [citation omitted]; see People v Brewer, 28 NY3d 271, 277-278 [2016]). Here, defendant acknowledged that the proffered cell phone records reflected information relating to a cell phone account that was owned by his father, but alleged that he was the actual user of the cell phone and service on that account. As defendant did not present any evidence, beyond that bare allegation, connecting the records to the cell phone that he possessed at the time of the incident, we cannot conclude that the court abused its discretion in precluding the proffered evidence (cf. People v Phillips, 50 Misc 3d 134[A], 2016 NY Slip Op 50038[U]). 
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 21, 2019