People v Besli (2020 NY Slip Op 51514(U))

[*1]

People v Besli (Emrecan)

2020 NY Slip Op 51514(U) [70 Misc 3d 129(A)]

Decided on December 17, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 17, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-989 S CR

The People of the State of New York,
Respondent,
against
Emrecan Besli, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (John Marks, J.H.O.), rendered April 8, 2019. The judgment
convicted defendant, after a nonjury trial, of using a mobile telephone while operating a motor
vehicle, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the facts, the simplified traffic
information is dismissed, and the fine, if paid, is remitted.
Defendant was charged in a simplified traffic information with using a mobile telephone
while operating a motor vehicle (Vehicle and Traffic Law § 1225-c [2] [a]). Following a
nonjury trial, at which both the Suffolk County police officer who had conducted the traffic stop
and defendant testified, defendant was found guilty of the charge.
That the driver of a vehicle actually be engaged in a call is a necessary element of Vehicle
and Traffic Law § 1225-c (2) (a) (see People v Wells, 57 Misc 3d 21 [App Term, 2d Dept, 9th &
10th Jud Dists 2017]). Here, the police officer's testimony that he observed defendant driving
with a cell phone held to his left ear with his left hand gave rise to a presumption that defendant
had been engaged in a call (see Vehicle and Traffic Law § 1225-c [2] [b]).
Defendant rebutted that presumption with his mobile telephone bill, which supported his [*2]testimony that he had not been engaged in a call at or near the time
when the officer observed defendant holding the phone to his ear while driving. Consequently,
after examining all of the evidence adduced at trial and weighing the conflicting testimony, we
find that the verdict convicting defendant of violating Vehicle and Traffic Law § 1225-c (2)
(a) was, as defendant argues, against the weight of the evidence (see People v Wells, 57 Misc 3d 21
[App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Ferguson, 56 Misc 3d 140[A], 2017 NY Slip Op
51097[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; see generally People v Danielson, 9
NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]).
Accordingly, the judgment of conviction is reversed and the simplified traffic information is
dismissed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 17, 2020