Memorandum. Order of the Appellate Division affirmed, with costs.
Under the constantly broadening view in this State of standing to sue in order to redress illegality of official action, it may no longer be necessary to establish that plaintiffs suffer special harm as distinguished from that suffered by the public at large (see Boryszewski v Brydges, 37 NY2d 361, 363-364; *992 but cf. the more representative type of standing to sue in Matter of Douglaston Civic Assn., v Galvin, 36 NY2d 1, and National Organization for Women v State Div. of Human Rights, 34 NY2d 416).
Yet it is one thing to have standing to correct clear illegality of official action and quite another to have standing in order to interpose litigating plaintiffs and the courts into the management and operation of public enterprises. Here questions of judgment, discretion, allocation of resources and priorities inappropriate for resolution in the judicial arena are lodged in a network of executive officials, administrative agencies and local legislative bodies. To allow such actions would in effect attempt displacement, or at least overview by the courts and the plaintiffs in litigations, of the lawful acts of appointive and elective officials charged with the management of the public enterprises.
True, the petition alleges certain violations of the applicable noise code. But the noise code provides for its application to rapid transit systems only after the adoption of standards (Administrative Code of City of New York, § 1403.3-5.07). The petition does not allege the adoption of such standards and respondents’ uncontradicted submission states that none have been adopted. Hence, there are no specific illegal acts or omissions for which judicial correction may be sought.
More concretely, standing has been properly extended to permit an appropriate judicial proceeding to prevent an illegal disbursement or to compel a legally required disbursement of public funds. This extension has been made to prevent the erection of an impenetrable barrier to judicial review of unlawful official action. (See Boryszewski v Brydges, 37 NY2d 361, 364, supra.) Standing, however, has not and should not be extended to substitute judicial oversight for the discretionary management of public business by public officials. It is not sufficient that plaintiffs assert, and perhaps could prove, that they could do better than the appointive or elective officials charged with the responsibility of running the subways. The point is that neither the plaintiffs nor the courts have been lawfully charged with that responsibility.
The absurdity in this case is highlighted by the large number of public agencies directly concerned and involved in the management of New York City’s subway system and the control of noise in its operation. It is with those agencies directly, not the judiciary, that members of the public *993 must lodge their complaints. Of course, the ultimate public remedy against poor government management is at the voting machine. Neglect, inefficiency, and erroneous but reasonably made exercise of judgment fall short of illegality, correctible by the judicial branch of government.