■  HELEN E. JONES, Individually and as President of the Society for Animal Rights, Inc., as Chairman of Citizens for Animals, and as Guardian for All Animals Now Confined in the Queens, Prospect Park and Central Park Zoos, et al., Respondents, v ABRAHAM D. BEAME, Individually and as Mayor of the City of New York, et al., Appellants, et al., Defendants.— Order, Supreme Court, New York County, entered May 10, 1976, which

denied municipal defendants' motion to dismiss the first, second, third, ninth and eleventh causes of action, unanimously reversed, on the law, and the motion granted, without costs and without disbursements. Plaintiffs, alleging to be resident taxpayers and organizations devoted to the humane treatment of animals, seek a declaratory judgment that New York City is operating certain of its zoos in violation of the Agriculture and Markets Law of New York State, is committing common-law waste, and is violating the New York City Administrative Code. Plaintiffs also seek a permanent injunction on the sale of animals and a "summary inquiry." Plaintiffs base their action on claims that the animals: do not receive effective veterinary care; are deprived of proper habitats; are not adequately protected from the brutality of many members of the public; are cared for by untrained persons; and are being sold to persons unqualified to care for them. The pivotal issue is whether or not plaintiffs have standing to bring this suit. In *Boryszewski v Brydges* (37 NY2d 361), taxpayers challenged as unconstitutional statutory enactments which provided lump-sum "lulus" in lieu of expenses for legislators. After reviewing the New York courts' struggles to determine which litigants, if any, had standing to challenge the constitutionality of State statutes authorizing the expenditure of State moneys, the court recognized standing because to do otherwise would erect an impenetrable barrier to judicial scrutiny of legislative action. After *Boryszewski v Brydges (supra)* was decided, an article 78 proceeding, brought by persons in their individual and official capacities, to compel the New York City Transit Authority to comply with the laws controlling noise in the New York City subways, reached the Court of Appeals *(Abrams v New York City Tr. Auth., 39 NY2d 990)*. The court reiterated that under *Boryszewski v Brydges (supra)* it may no longer be necessary for plaintiffs to suffer "special harm" in order to have standing. However, the court distinguished standing to correct clear illegality from standing to interpose litigants and the courts into management of public enterprises. "Standing, however, has not and should not be extended to substitute judicial oversight for the discretionary management of public business by public officials" (p 992). The complaint in *Abrams* alleged violations of law which result in psychological stress, disturb the comfort of the average person, interrupt speech, interfere with the health and hearing of the transit system employees, and adversely affect buildings. In the case at bar, greater harm is not presented nor any reason stated why the courts are more qualified or given greater authority to run zoos than to run the transit system. Furthermore, the mere allegation of common-law waste does not alter the thrust of this action from one to insert the courts and litigants into management of public business. Accordingly, we find *Abrams v New York City Tr. Auth. (supra)* controlling. It is not sufficient for plaintiffs to allege, or even prove, they could do a better job than the public officials as neither they nor the courts have been given that responsibility. While plaintiffs do not have standing to maintain this action for declaratory judgment they may be able to seek enforcement of the criminal sanctions for violation of the Agriculture and Markets Law *(Waltz v Baum,* 42 AD2d 643, mot for lv to app den 33 NY2d 517). Concur— Lupiano, J. P., Capozzoli, Nunez and Markewich, JJ. [86 Misc 2d 832.]