Jones, J.
(concurring). I agree that the order of the Appellate Division should be affirmed and the petition dismissed. I would ground this result on my conclusion that there is not presented a justiciable controversy amenable to resolution by judicial determination and remedy.
What is sought, and for very understandable reasons, is judicial oversight of the performance of administrative responsibilities, not an adjudication of the rights and obligations of the parties. There is little, if any, dispute between the parties *593 as to the entitlement of appellants and those whose interests they would advance to the full and proper performance by personnel of the governmental units here involved of their duties, on the one hand, or as to the official duties and obligations of respondents, on the other. The claim of appellants is that there has been a breakdown in the delivery system of their rights.
This is not a case in which the fact or circumstances of the failure to observe the rights of individual complainants may be determined or the relief sought may be provided by the entry of a court order directing the performance of specific acts by named individuals for the benefit of identified persons, the nonperformance of which would be readily demonstrable. Adjudication of individual rights and the invocation of judicial sanctions in accordance with the application of appellants would entail unending surveillance and monitoring by the judiciary. What appellants seek is a ukase that clerks of Family Court and officials in the Probation Department in the City of New York henceforth obey the commands of statute and rule in the daily performance of their duties. We have repeatedly rejected invitations to engage in just such superintendence. (Cf. Jones v Beame, 45 NY2d 402; James v Board of Educ., 42 NY2d 357; Matter of Abrams v New York City Tr. Auth., 39 NY2d 990; Matter of Community Action Against Lead Poisoning v Lyons, 36 NY2d 686.) As we said in the Jones case (p 407), appellants may not "interpose * * * the courts into 'the management and operation of public enterprises’ ”. It was the inappropriateness of such involvement, and not merely a respect for the distribution of powers among the three branches of government, which dictated the withholding of judicial relief in those cases and which now forecloses entertainment of the present action. The critical distinction is between the performance by the courts of adjudicatory and administrative functions; not any separation between the judicial' and executive branches of government. As the Appellate Division noted and the majority so well demonstrates, fortunately there are other remedies to accomplish the objectives for which this litigation was instituted. Even were this not so, however, no case is presented here for adjudication by the courts.