■ DONALD GARBER et al., Appellants, et al., Plaintiff, v BOARD OF TRUSTEES OF THE STATE UNIVERSITY OF NEW YORK et al., Respondents. [834 NYS2d 203]—

In an action for declaratory and injunctive relief, the plaintiffs Donald Garber, JLM Hotels, Co., Inc., JLM Food Services, Inc.,

Inn at Stony Brook, Inc., doing business as Three Village Inn, and Tsunis Hotels, LLC, doing business as Holiday Inn Express in Stony Brook, appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 14, 2005, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court correctly determined that the plaintiffs lacked standing as citizen taxpayers under State Finance Law § 123-b to maintain this action for a judgment, inter alia, to permanently enjoin the defendants State University of New York at Stony Brook (hereinafter SUNY Stony Brook) and its president and/or Stony Brook Foundation Realty, Inc. (hereinafter SBF Realty), from entering into contracts for the construction of a hotel and conference center on a portion of the campus of SUNY Stony Brook unless they comply with competitive bidding laws.

State Finance Law § 123-b grants citizen taxpayers standing to bring an action for equitable or declaratory relief against an officer or employee of the State to prevent a "wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds or state property." The statute is narrowly construed as a grant of "standing to correct clear illegality of official action," but does not allow the interposition of "litigating plaintiffs and the courts into the management and operation of public enterprises" (*Matter of Abrams v New York City Tr. Auth.*, 39 NY2d 990, 992 [1976]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 812 [2003], *cert denied* 540 US 1017 [2003]; *Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 589 [1998]).

The plaintiffs allege that the defendants' conduct in entering into a contract with a private developer for construction of a hotel on the SUNY Stony Brook campus was "illegal" and constituted an unconstitutional gift of State property. While the allegations in the complaint are to be accepted as true when considering a motion to dismiss (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Maas v Cornell Univ.*, 94 NY2d 87, 91 [1999], quoting *Gertler v Goodgold*, 107 AD2d 481, 485 [1985], *affd* 66 NY2d 946 [1985] *for reasons stated below*). The Supreme Court correctly determined, upon review of the documents submitted by the parties, that the proposed hotel construction proceeded in accordance

with specific enabling legislation enacted by the Legislature (L 1986, ch 830; L 1989, ch 200). Within the time frame allowed by the enabling legislation, SUNY and SBF Realty entered into a ground lease and the ground lease was approved by the State Comptroller, the Budget Director and, as to form, by the Attorney General, as required by that statute. The enabling legislation also expressly provides that contracts entered into for construction of the hotel and conference facilities are exempt from the requirements of public bidding statutes. Since the conclusory allegations of illegality and gift of State property are clearly contradicted by the documentary evidence, the plaintiffs lack standing to challenge the ground lease or to enjoin the current plans to construct and develop a hotel on campus. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.