■ CHANIE DINERMAN et al., Appellants, v JEWISH BOARD OF FAMILY & CHILDREN's SERVICES, INC. et al., Respondents. [865 NYS2d 133]—In an action, inter alia, to recover damages for misrepresentation and civil rights violations, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated April 20, 2007, as granted that branch of the motion of the defendant Counterforce which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7), and (2) a stated portion of a second order of the same court, also dated April 20, 2007.

Ordered that the appeal from the second order dated April 20, 2007 is dismissed as abandoned; and it is further,

Ordered that the first order dated April 20, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

"In considering a motion to dismiss for failure to state a cause

of action . . . , the pleadings must be liberally construed . . . The sole criterion is whether from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Gershon v Goldberg*, 30 AD3d 372, 373 [2006] [internal quotation marks omitted]; *see Morone v Morone*, 50 NY2d 481, 484 [1980]; *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 509 [1979]). However, while the allegations in the complaint are to be accepted as true when considering a motion to dismiss (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of N.Y.*, 38 AD3d 833, 834 [2007], quoting *Maas v Cornell Univ.*, 94 NY2d 87, 91 [1999]).

Here, even construing the pleadings liberally and accepting them as true, they state no cognizable legal claim against Counterforce and its director Martin Wangrofsky (*see* CPLR 3211 [a] [7]; *see e.g. Garber v Board of Trustees of State Univ. of N.Y.*, 38 AD3d at 834; *Gertler v Goodgold*, 107 AD2d 481, 485 [1985], *affd* 66 NY2d 946 [1985]). Accordingly, the Supreme Court properly granted that branch of Counterforce's motion which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7).

The appellants have not raised any arguments regarding their appeal from the second order dated April 20, 2007. Thus, their appeal from that order must be dismissed as abandoned (*see Matter of West Bushwick Urban Renewal Area Phase 2*, 50 AD3d 695 [2008]).

It should be noted that the plaintiffs have repeatedly demonstrated their litigiousness before the trial court and this Court. While we decline Counterforce's request to impose sanctions against the plaintiffs at this time for bringing an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1), the plaintiffs are warned that future motions or appeals undertaken to harass or disturb the defendants will subject them to sanctions pursuant to 22 NYCRR 130-1.1 (*see Enright v Vasile*, 205 AD2d 732, 733 [1994]). Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.