10-4398-cv
Jovanovic v. City of New York

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of June, two thousand twelve.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
          JOHN M. WALKER, JR.,
          RICHARD C. WESLEY,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

DR. OLIVER JOVANOVIC,
          Plaintiff-Appellant,

          -v.-                                          10-4398-cv

CITY OF NEW YORK, MILTON BONILLA, SHIELD NO. 61, individually and in his official capacity, LINDA FAIRSTEIN, NEW YORK COUNTY ASSISTANT DISTRICT ATTORNEY, individually and in her official capacity,

          Defendants-Appellees,

GAIL HEATHERLY, NEW YORK COUNTY ASSISTANT DISTRICT ATTORNEY,

1

**individually and in her official capacity,**

**Defendant.**

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Diarmuid White (Brendan White, *on the brief*), White & White, New York, NY.

**FOR APPELLEES:**                    Karen M. Griffin (Francis F. Caputo, Arthur G. Larkin, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Oliver Jovanovic appeals from a judgment entered by the United States District Court for the Southern District of New York (Crotty, <u>J.</u>), dismissing on summary judgment his civil rights claims against a police officer, a prosecutor, and the City of New York.  We assume the parties' familiarity with the facts, procedural history, and issues presented on appeal.

In the fall of 1996, Jovanovic, a PhD candidate at Columbia University, spent the night with a 20-year-old Barnard College student, Jamie Rzucek, who later accused him of tying her up, pouring hot candle wax on parts of her body, and sodomizing her with a baton-like object. Defendant Milton Bonilla, a New York City police detective assigned to the Manhattan Special Victims Unit, led the police investigation; defendant Linda Fairstein was the assistant district attorney in charge of prosecuting the case.

A grand jury indicted Jovanovic on December 13, 1996 and added charges on December 19, 1996.  Only Rzucek and Bonilla testified before the grand jury.  Subsequently

2

Jovanovic was convicted of kidnapping, sexual abuse, and assault, and sentenced to fifteen years to life in prison.

On December 21, 1999--after Jovanovic had spent nearly twenty months in prison--the Appellate Division, First Department, of the New York Supreme Court vacated the conviction because the trial court had excluded evidence that disabled Jovanovic from proving that he "had reason to believe, prior to their meeting, that they both had intended to participate in consensual, non-violent sadomasochism that night." People v. Jovanovic, 700 N.Y.S.2d 156, 164 (1st Dep't 1999). The excluded evidence included emails and chats suggesting that Ruczek was seeking such an encounter. Id.

After the state declined to retry Jovanovic, he filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that his prosecution violated his civil rights. He appeals the district court's grant of summary judgment in favor of defendants on claims that: (1) Bonilla maliciously prosecuted him; (2) Bonilla deprived him of his right to a fair trial through the use of fabricated evidence and a deeply flawed investigation; (3) Fairstein deprived him of a fair trial by making inflammatory public statements that both prejudiced the grand jury and caused witnesses to come forward and give false testimony; and (4) the City failed to properly train police regarding false rape claims.

Malicious Prosecution (Bonilla). An element of any malicious prosecution claim is the absence of probable cause. See Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). The detailed account given by Rzucek--without any obvious reason for skepticism--provided sufficient probable cause. See Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity." (citation omitted)). The circumstances of this case did not require further investigation to support probable cause. See Panetta v. Crowley, 460 F.3d 388,396 (2d Cir. 2006); Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).

Fair Trial (Bonilla). Jovanovic claims that he was deprived of a fair trial by Bonilla's alleged lie that corroborative evidence had been removed from Jovanovic's apartment between the time of his arrest and the time

Bonilla executed a search warrant.[1]  He raises the issue in only a perfunctory manner on appeal; but even if it were properly raised it would be unavailing.  A person suffers a constitutional violation if an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result.  See Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003); Ricciuti, 124 F.3d at 130.  Probable cause is not a defense.  See Ricciuti, 124 F.3d at 129-130. Jovanovic cannot show causation--i.e., that the alleged fabrication of evidence led to a deprivation of his liberty. That is because the only avenue by which the testimony could reach the jury was through Bonilla's testimony, for which he enjoys absolute immunity under Briscoe v. LaHue, 460 U.S. 325, 335-336 (1983); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1505 (2012) (extending Briscoe to grand jury proceedings).  The cases relied upon by Jovanovic are not to the contrary. Ricciuti addressed only whether qualified immunity was available to police offers who willfully fabricated evidence. Ricciuti, 124 F.3d at 130. Furthermore, the allegedly fabricated admissions in Ricciuti caused the plaintiffs to be charged with a more serious crime and delayed their opportunity to be freed on bail. See id. at 126.  In Jocks, the statement at issue was a written admission that was forwarded to prosecutors.  Jocks, 316 F.3d at 138.

Fair Trial (Fairstein).  Jovanovic contends that Fairstein deprived him of his right to a fair trial by making inflammatory public statements.  In order to succeed on such a claim, a plaintiff must prove (1) the prosecutor made improper public statements or leaks (i.e., those that contravene the canons of ethics or other standards for prosecutorial conduct); (2) the improper disclosure in fact deprived the defendant of a fair trial; and (3) other

---

[1] In a pair of footnotes, Jovanovic also argues that Bonilla deprived him of a fair trial by creating a misleading video tape in which he opened up Jovanovic's futon with a "flick of the wrist."  Assuming that Jovanovic properly raised the argument, and assuming that Bonilla's production of the video could be considered misleading, it was not material to the jury's decision and therefore could not have caused a deprivation of liberty.

remedies like the use of voir dire and peremptory challenges were either unavailable or ineffective to remedy the leaked information.  See Powers v. Coe, 728 F.2d 97, 105-06 (2d Cir. 1984).

As to the impact on the grand jury, summary judgment was appropriate.  A less searching scrutiny of procedural protections is warranted for grand jury proceedings than for a criminal trial.  See United States v. York, 428 F.3d 1325, 1331 (11th Cir. 2005); cf. United States v. Calandra, 414 U.S. 338, 349 (1974) (rejecting use of exclusionary rule in grand jury proceedings and noting that "the grand jury does not finally adjudicate guilt or innocence, it has traditionally been allowed to pursue its investigative and accusatorial functions unimpeded by the evidentiary and procedural restrictions applicable to a criminal trial").  Jovanovic has not sustained his burden of addressing evidence of prejudice.  And it matters that the prosecutor instructed the grand jury to disregard all media coverage and that the law required it to base its conclusion solely on the evidence presented.

Summary judgment was also appropriate on Jovanovic's claim that the pretrial publicity caused a witness to come forward and perjure herself at trial.  Jovonavic must be able to prove that the injury complained of "was not too remote a consequence of the improper leaks to the press."  Powers, 728 F.2d at 105 (internal quotation marks omitted).  The witness's perjury--accepting Jovanovic's allegations-- was too remote of a consequence of Fairstein's statements.

Finally, because we found that Bonilla's investigation was not so deficient as to render him potentially liable for malicious prosecution, Jovanovic's municipal liability claim necessarily fails.  See Wray v. City of New York, 490 F.3d 189, 196 (2d Cir. 2007); see also City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

Finding no merit in Jovanovic's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK