■ STONY BROOK ENVIRONMENTAL CONSERVANCY, INC., et al., Appellants, v STATE UNIVERSITY OF NEW YORK, Respondent. [955 NYS2d 652]—

On August 2, 1986, the New York State Legislature approved an act authorizing the defendant State University of New York (hereinafter SUNY) to enter into a contract or lease for the development and operation of a hotel/conference center facility on a portion of the campus of Stony Brook University (hereinafter the Enabling Act) (*see* L 1986, ch 830, as amended by L 1989, ch 200). On December 5, 1989, pursuant to and in accordance with the Enabling Act, SUNY entered into a ground lease with a nonparty, Stony Brook Foundation Realty, Inc. (hereinafter SBFR), pursuant to which SBFR, as tenant, agreed to construct and maintain, or, at its option, cause to be constructed and maintained, a hotel/conference center facility on the demised premises. On September 24, 2009, SBFR entered into a sublease with a nonparty, SBHC Private Equity IV, LLC (hereinafter SBHC), pursuant to which a hotel/conference center fa-

cility would be privately constructed and operated on the demised premises.

In December 2009 the plaintiffs, Stony Brook Environmental Conservancy, Inc., Michelle Pizer, and Muriel Weyl, commenced the instant action against SUNY pursuant to State Finance Law § 123-b seeking, inter alia, a judgment declaring, in effect, that the sublease was an unlawful disposition of state property to a private developer. SUNY moved, inter alia, pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted by Pizer and Weyl for lack of standing, and the Supreme Court granted that branch of SUNY's motion.

Pursuant to State Finance Law § 123-b "any person, who is a citizen taxpayer . . . may maintain an action for equitable or declaratory relief, or both, against an officer or employee of the state who in the course of his or her duties has caused [an] illegal . . . disbursement of state funds or state property" (State Finance Law § 123-b [1]). "The statute is narrowly construed as a grant of standing to correct clear illegality of official action, but does not allow the interposition of litigating plaintiffs and the courts into the management and operation of public enterprises" (*Garber v Board of Trustees of State Univ. of N.Y.*, 38 AD3d 833, 834 [2007] [internal quotation marks omitted]; *see Matter of Abrams v New York City Tr. Auth.*, 39 NY2d 990, 992 [1976]). Stated another way, "[t]he task . . . is to distinguish between cases that present a challenge to the expenditure of money [or the disposition of property] and those that use the expenditure of money [or the disposition of property] as a pretense to challenge a governmental decision" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813 [2003], *cert denied* 540 US 1017 [2003]).

Here, although the plaintiffs allege in their complaint that the sublease is an unlawful disposition of state property to a private developer, the underlying basis of their claim is not that the lease, from which the sublease stems, itself is an unlawful disposition of state property. Rather, in alleging that the sublease is an unlawful disposition of state property, the plaintiffs challenge the manner in which SUNY, as lessor, chose to accomplish the construction and operation of a hotel/conference center facility on the demised premises, as well as SBFR's failure to make payments in lieu of taxes to the extent required by the lease. Critically, however, neither of those claims, one involving SUNY's discretionary decisions and the other involving an alleged breach of the lease by SBFR, make the lease itself, which fully complies with the Enabling Act (*see* L 1986, ch 830; L 1989, ch 200; *Garber v Board of Trustees of*

*State Univ. of N.Y.*, 38 AD3d at 834-835), or the resultant sublease, an illegal disposition of state property. Accordingly, the Supreme Court correctly determined that the individual plaintiffs Pizer and Weyl lack standing under State Finance Law § 123-b to maintain the instant action (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 813-814; *Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 589 [1998]; *Garber v Board of Trustees of State Univ. of N.Y.*, 38 AD3d at 834-835). Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.