■ JPMORGAN CHASE BANK, N.A., Respondent, v HUNTER GROUP, INC., Defendant, and MICHAEL C. SECONDO, Appellant. [2 NYS3d 536]—

In an action to recover on a promissory note and a personal guarantee, the defendant Michael C. Secondo appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 2, 2012, which granted those branches of the plaintiff's

motion which were pursuant to CPLR 3211 (a) (7) to dismiss his counterclaim and pursuant to CPLR 3217 to discontinue the action with prejudice.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action in November 2009 to recover on a promissory note and a personal guarantee after the defendant Hunter Group, Inc., allegedly defaulted on payments due under a loan agreement. In his answer to the complaint, the defendant Michael C. Secondo asserted a counterclaim, which alleged causes of action pursuant to 42 USC §§ 1985 and 1986. In March 2012, the plaintiff moved to dismiss the counterclaim, inter alia, for failure to state a cause of action and to discontinue the action with prejudice. The Supreme Court granted both branches of the motion.

In assessing the adequacy of a cause of action under CPLR 3211 (a) (7), the court must afford the pleading a liberal construction (see CPLR 3026), accept the facts alleged to be true, accord the pleader the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334 [2013]; Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; Leon v Martinez, 84 NY2d 83, 87 [1994]).

42 USC § 1985 provides a cause of action to recover damages caused by a conspiracy to violate certain civil rights (see 42 USC § 1985). 42 USC § 1986 provides a cause of action to recover damages from anyone who knows of a 42 USC § 1985 conspiracy, and has the power to prevent the conspiracy, but neglects or refuses to do so (see 42 USC § 1986). Thus, a cause of action pursuant to 42 USC § 1986 must be predicated on a valid 42 USC § 1985 claim (see Brown v City of Oneonta, N.Y., 221 F3d 329, 341 [2d Cir 2000]; Mian v Donaldson, Lufkin & Jenrette Sec. Corp., 7 F3d 1085, 1087 [2d Cir 1993]). Here, the Supreme Court properly directed the dismissal of the counterclaim, since the factual allegations therein failed to adequately state a legally cognizable cause of action under either 42 USC § 1985 or § 1986.

Furthermore, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to discontinue the action with prejudice (see CPLR 3217 [b]; Tucker v Tucker, 55 NY2d 378, 383 [1982]; Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883 [2013]; Blackwell v Mikevin Mgt. III, LLC, 88 AD3d 836, 837 [2011]).

Secondo's remaining contention is without merit. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.