Clark, J.
 

 Appeal from an order of the Supreme Court (PIat,kin, J.), entered June 3, 2016 in Albany County, which, among other things, granted defendants’ motion to dismiss the complaint.
 

 Plaintiff is a Jewish inmate in the custody of the Department of Corrections and Community Supervision. In April 2012, while plaintiff was housed in the special housing unit (hereinafter SHU) at Upstate Correctional Facility, he advised prison officials and the Jewish chaplain that he wished to participate in Passover and was in need of specific religious items to conduct the Jewish Seder. His request was denied on the basis that “[t]here are no congregate services” for inmates in SHU and that, therefore, “there are no Seder meals for SHU inmates.” As a result, plaintiff filed a grievance that was later denied by the Inmate Grievance Review Committee. The denial was upheld by the Superintendent of Upstate and subsequently by the Central Office Review Committee. Thereafter, plaintiff commenced this action asserting, among other things, a claim under 42 USC § 1983 against certain individual defendants— Anthony J. Annucci, the Acting Commissioner of Corrections and Community Supervision; David Rock, the Superintendent of Upstate; Michael Lira, the Deputy Superintendent of Programs at Upstate; Alec Friedman, the Jewish chaplain; and Bryan Bashaw, the Catholic chaplain — alleging that they violated his First Amendment right to freedom of religion. Prior to serving an answer, defendants, among other things, moved to dismiss the complaint for failure to state a cause of action. Supreme Court granted the motion, and this appeal by plaintiff ensued.
 

 Initially, it is well-settled that, in order to prevail on a claim under 42 USC § 1983 against an official in his or her individual capacity, the plaintiff must demonstrate that such person was “ ‘personally involved in the alleged deprivation’ of the plaintiff’s constitutional rights” (Corvetti v Town of Lake Pleasant, 146 AD3d 1118, 1126 [2017], quoting Littlejohn v City of New York, 795 F3d 297, 314 [2d Cir 2015]; see Shelton v New York State Liq. Auth., 61 AD3d 1145, 1148 [2009]). In this regard, “it [is] incumbent upon [the] plaintiff to allege particular facts indicating that each of the individual defendants was personally involved in the deprivation of the plaintiff’s constitutional rights; mere bald assertions and conclusions of law do not suffice” (Shelton v New York State Liq. Auth., 61 AD3d at 1148 [internal quotation marks, emphasis, brackets and citations omitted]; see Corvetti v Town of Lake Pleasant, 146 AD3d at 1126). Even according a liberal construction to the allegations of plaintiff’s complaint in the context of the instant motion to dismiss, as we must (see McFadden v Amodio, 149 AD3d 1282, 1283 [2017]; Kosmider v Garcia, 111 AD3d 1134, 1136 [2013]), we conclude that the complaint fails to state a claim under 42 USC § 1983 against any of the individual defendants.
 

 In his complaint, plaintiff challenges the “official policy of denying Jewish inmates confined in . . . [SHU] the right to practice their religious beliefs by precluding the Seder during Passover.”
 
 *
 
 Plaintiff alleges that he informed Rock and Friedman of the items that he needed to conduct the Seder. He asserts that Bashaw informed him that congregate services and Seder meals were not available to inmates in SHU. In addition, plaintiff states that he filed a grievance against Rock, Lira, Friedman and Bashaw, protesting the denial of his request for items needed to conduct the Seder. He further alleges that Rock upheld the initial denial of the grievance by the Inmate Grievance Review Committee. The complaint contains no other factual allegations with respect to the individual defendants.
 

 To the extent that plaintiff’s allegations arise from communications between plaintiff and defendants regarding a departmental policy, such communications are insufficient to establish the individual defendants’ personal involvement for purposes of 42 USC § 1983 (see Gill v Tattle, 93 Fed Appx 301, 302 [2d Cir 2004]; see also Williams v Fisher, 2015 WL 1137644, *19-21 [ND NY, Mar. 11, 2015, No. 9:11-CV-379 (NAM/TWD)]). Likewise, plaintiff’s filing of a grievance against the individual defendants does not establish their personal involvement. In addition, insofar as Rock upheld the initial denial of plaintiff’s grievance, this too is not enough to establish Rock’s personal involvement under the statute (see Williams v Fisher, 2015 WL 1137644, *21). Further, the complaint does not contain any specific factual allegations with respect to Annucci, who appears to have been named as an individual defendant because he is the Acting Commissioner. However, it has been recognized that “[h]olding a position in a hierarchical chain of command, without more, is insufficient to support a showing of personal involvement” (Williams v Fisher, 2015 WL 1137644, *18 [internal quotation marks and citation omitted]; see Wright v Smith, 21 F3d 496, 501 [2d Cir 1994]). In view of the foregoing, we find that there is no basis for plaintiff’s 42 USC § 1983 claim against the individual defendants named in this action and, thus, that Supreme Court properly dismissed the complaint.
 

 McCarthy, J.P., Garry, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 *
 

 The policy at issue prohibits inmates in SHU from participating in religious services with the general population, and prison officials initially interpreted plaintiff’s request as a desire to do so, although it was later disclosed that he wished to observe Passover and have a Seder in his individual cell.