Williams v Rodriguez (2020 NY Slip Op 03263)





Williams v Rodriguez


2020 NY Slip Op 03263


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-14094
 (Index No. 2053/17)

[*1]Daniel Williams, appellant,
v
A. Rodriguez, etc., et al., respondents.


Daniel Williams, Pine City, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Blair J. Greenwald of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of due process rights pursuant to 42 USC § 1983, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Denise M. Watson, J.), dated October 5, 2018. The order and judgment, insofar as appealed from, sua sponte, dismissed the cause of action to recover damages for violation of due process rights pursuant to 42 USC § 1983.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order and judgment as, sua sponte, dismissed the cause of action to recover damages for violation of due process rights pursuant to 42 USC § 1983 is deemed to be an application for leave to appeal from that portion of the order and judgment, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In August, 2016, the plaintiff, then an inmate at Green Haven Correctional Facility in Dutchess County, was charged with violating four inmate behavior rules. The plaintiff met with an employee assistant, subsequent to which a tier III hearing on the charges was conducted before a Commissioner Hearing Officer (hereinafter CHO). In a determination dated September 15, 2016, the plaintiff was found guilty of all charges, and the discipline imposed was a penalty of 270 days of confinement in the special housing unit (hereinafter SHU), 270 days of loss of commissary, package, and phone privileges, and 9 months of loss of good time. The plaintiff appealed the CHO's determination. An Acting Director, Disciplinary Program, modified the SHU confinement and loss of privileges to 180 days with the additional 90 days suspended until May 21, 2017. By letter dated November 30, 2016, the plaintiff requested that the Acting Director reconsider his determination. In April 2017, the Acting Director reversed the CHO's September 15, 2016, determination and ordered a rehearing based on the the "failure to maintain a complete electronic record of the hearing." The charges were subsequently dismissed and the matter expunged from the plaintiff's record.
In August 2017, the plaintiff commenced this action seeking to expunge references to the prison disciplinary hearing and determination from his institutional records, and to recover damages for violations of his due process rights pursuant to 42 USC § 1983 which allegedly occurred during the hearing and appeals process. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the matter was rendered moot because the hearing determination had been reversed and expunged from the plaintiff's disciplinary history. The plaintiff opposed the motion and cross-moved, in effect, for summary judgment on the complaint. The Supreme Court dismissed, as moot, the cause of action to vacate the hearing disposition and expunge it from the plaintiff's institutional records and, sua sponte, dismissed the cause of action to recover damages for violation of his due process rights pursuant to 42 USC § 1983 on the basis that it failed to state a cause of action. The plaintiff appeals.
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d 794, 795; see Nonnon v City of New York, 9 NY3d 825, 827; Leon v Martinez, 84 NY2d 83, 87-88; Sokol v Leader, 74 AD3d 1180, 1181). Construing the allegations in the complaint liberally and accepting them as true, they failed to state a cause of action to recover damages for violation of the plaintiff's due process rights pursuant to 42 USC § 1983 (see CPLR 3211[a][7]; Dinerman v Jewish Bd. of Family & Children's Servs., Inc., 55 AD3d 530, 531). Pursuant to 42 USC § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." " [I]t [is] incumbent upon plaintiff to allege particular facts indicating that each of the individual defendants was personally involved in the deprivation of the plaintiff's constitutional rights; mere bald assertions and conclusions of law do not suffice'" (Lewis v Annucci, 154 AD3d 1025, 1026, quoting Shelton v New York State Liq. Auth., 61 AD3d 1145, 1148). Here, the complaint does not contain specific factual allegations demonstrating that either the CHO or the Acting Director was personally involved in the deprivation of the plaintiff's constitutional rights. The plaintiff, inter alia, failed to set forth with specificity how the CHO's alleged failure to provide prehearing employee assistance deprived him of his fundamental right to a fair hearing or that he requested any specific witnesses to testify that would provide material and relevant evidence (see Diaz v State of New York, 155 AD3d 1279, 1281; Lewis v Annucci, 154 AD3d 1025). Moreover, while the plaintiff alleged that he was denied due process because of the CHO's failure to maintain a complete electronic recording of the hearing, the failure to maintain an electronic recording of a disciplinary hearing is not a violation of a fundamental due process right (see Diaz v State of New York, 155 AD3d at 1281-1282). As to the Acting Director, certain evidence that clearly shows that the plaintiff obtained the relief he requested of the Acting Director demonstrates that the plaintiff does not have a cause of action against him (see Sokol v Leader, 74 AD3d at 1181-1182; Dinerman v Jewish Bd. of Family & Children's Servs.,Inc., 55 AD3d at 531).
Accordingly, we agree with the Supreme Court's determination dismissing the cause of action to recover damages for violation of the plaintiff's due process rights pursuant to 42 USC § 1983.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court