Pressley v City of New York (2024 NY Slip Op 06563)

Pressley v City of New York

2024 NY Slip Op 06563

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-00777
 (Index No. 708149/16)

[*1]Leroy Pressley, appellant, 
v
City of New York, et al., respondents, et al., defendant.

Rubert & Gross, P.C., Brooklyn, NY (Soledad Rubert of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner, Benjamin H. Pollak, and Amy McCamphill of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered January 5, 2022. The order, insofar as appealed from, (1) granted those branches of the motion of the defendants City of New York, Bryan Pierre, John Roberts, Shaun Mara, Patrick Lavin, and Keith Gamrat which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages pursuant to 42 USC § 1983 for a violation of the plaintiff's due process right to a fair trial, a violation of his right to be free from continued detention, and failure to intervene and, in effect, pursuant to 42 USC § 1985 to recover damages for conspiracy to violate the plaintiff's civil rights insofar as asserted against the defendants Bryan Pierre, John Roberts, Shaun Mara, Patrick Lavin, and Keith Gamrat, (2) in effect, granted that branch of the motion of the defendants City of New York, Bryan Pierre, John Roberts, Shaun Mara, Patrick Lavin, and Keith Gamrat which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the cause of action pursuant to 42 USC § 1988 for an award of attorneys' fees insofar as asserted against the defendants Bryan Pierre, John Roberts, Shaun Mara, Patrick Lavin, and Keith Gamrat, and (3) denied the plaintiff's application pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiff's application pursuant to CPLR 3025(b) for leave to amend the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof (1) granting those branches of the motion of the defendants City of New York, Bryan Pierre, John Roberts, Shaun Mara, Patrick Lavin, and Keith Gamrat which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages pursuant to 42 USC § 1983 for a violation of the plaintiff's due process right to a fair trial, a violation of his right to be free from continued detention, and failure to intervene and, in effect, pursuant to 42 USC § 1985 to recover damages for conspiracy to violate the plaintiff's civil rights insofar as asserted against the defendants Bryan Pierre, John Roberts, Shaun Mara, Patrick Lavin, and Keith Gamrat, and, (2) in effect, granting that branch of the motion of the defendants City of New York, Bryan Pierre, John Roberts, Shaun Mara, Patrick Lavin, and Keith Gamrat which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the cause of action [*2]pursuant to 42 USC § 1988 for an award of attorneys' fees insofar as asserted against the defendants Bryan Pierre, John Roberts, Shaun Mara, Patrick Lavin, and Keith Gamrat, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
On April 22, 2013, the plaintiff allegedly was arrested by New York City police officers at his home in Queens for a shooting that had occurred earlier that day. The officers transported the plaintiff to a police station, where a witness allegedly identified the plaintiff as the shooter in a lineup. The plaintiff was arraigned and was unable to post bail. On an unknown date thereafter, a Queens County grand jury allegedly voted an indictment charging the plaintiff with multiple counts, including, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25). On April 30, 2015, a jury allegedly acquitted the plaintiff on all charges. Prior to his release from custody following his acquittal, the plaintiff had been an inmate at Rikers Island for more than two years.
The plaintiff thereafter commenced this action, inter alia, to recover damages for false arrest and malicious prosecution against, among others, the defendants Bryan Pierre, John Roberts, Shaun Mara, Patrick Lavin, and Keith Gamrat (hereinafter collectively the individual defendants) and the defendant City of New York (hereinafter together with the individual defendants, the defendants). In the complaint, the plaintiff asserted, inter alia, various causes of action to recover damages pursuant to 42 USC § 1983 against the individual defendants, who were all New York City police officers. The section 1983 causes of action alleged, among other things, a violation of the plaintiff's due process right to a fair trial (the ninth cause of action, incorrectly delineated as the eighth cause of action), a violation of his right to be free from continued detention (the seventh cause of action), and a failure to intervene (the eighth cause of action, incorrectly delineated as the eleventh cause of action). The plaintiff also asserted a cause of action against the individual defendants, in effect, pursuant to 42 USC § 1985, alleging conspiracy to violate his civil rights (the fifth cause of action) and a cause of action pursuant to 42 USC § 1988 for an award of attorneys' fees (the eleventh cause of action, incorrectly delineated as the tenth cause of action). The defendants thereafter moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the fifth cause of action, the seventh cause of action, the eighth cause of action, incorrectly delineated as the eleventh cause of action, and the ninth cause of action, incorrectly delineated as the eighth cause of action, insofar as asserted against the individual defendants, and, in effect, pursuant to CPLR 3211(a)(7) to dismiss the eleventh cause of action, incorrectly delineated as the tenth cause of action, insofar as asserted against the individual defendants. In opposition to the defendants' motion, the plaintiff, among other things, requested leave pursuant to CPLR 3025(b) to amend the complaint. By order entered January 5, 2022, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the fifth cause of action, the seventh cause of action, the eighth cause of action, incorrectly delineated as the eleventh cause of action, and the ninth cause of action, incorrectly delineated as the eighth cause of action, insofar as asserted against the individual defendants, in effect, granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the eleventh cause of action, incorrectly delineated as the tenth cause of action, insofar as asserted against the individual defendants, and denied the plaintiff's application for leave to amend the complaint. The plaintiff appeals.
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Langley v Melville Fire Dist., 213 AD3d 748, 750). "However, allegations consisting of bare legal conclusions are not entitled to any such consideration" (Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810 [alterations and internal quotation marks omitted]). "Although inartfully pleaded, a claim should not be dismissed when the facts stated are sufficient to make out a cause of action" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 664). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a . . . motion to dismiss" (Redwood Prop. Holdings, LLC v Christopher, 211 AD3d 758, 759 [internal quotation marks omitted]). In other [*3]words, "[w]hether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus" (Metwally v City of New York, 215 AD3d 820, 822 [internal quotation marks omitted]). Moreover, "New York's pleading standard is embodied in CPLR 3013, which provides that '[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense'" (id.). Absent a statutory heightened pleading requirement, New York courts apply the liberal "notice pleading" standard of CPLR 3013 when construing the pleading sufficiency of federal causes of action (see e.g. RGH Liquidating Trust v Deloitte & Touche LLP, 17 NY3d 397, 404; Metwally v City of New York, 215 AD3d at 824; Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 685-686), not federal pleading standards (see Ashcroft v Iqbal, 556 US 662, 678; Bell Atlantic Corp. v Twombly, 550 US 544, 570).
"To maintain a [42 USC] § 1983 action, a plaintiff must establish two elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States" (Braden v Sturges, 189 AD3d 2015, 2015 [internal quotation marks omitted]; see De Lourdes Torres v Jones, 26 NY3d 742, 762). "[I]n order to prevail on a claim under 42 USC § 1983 against an official in his or her individual capacity, the plaintiff must demonstrate that such person was personally involved in the alleged deprivation of the plaintiff's constitutional rights" (Lewis v Annucci, 154 AD3d 1025, 1026 [internal quotation marks omitted]; see Thomas v Tarpley, 268 AD2d 258, 259). "It is [therefore] incumbent upon the plaintiff to allege particular facts indicating that each of the individual defendants was personally involved in the deprivation . . . ; mere bald assertions and conclusions of law do not suffice" (Williams v Rodriguez, 184 AD3d 699, 701 [alterations and internal quotation marks omitted]). In contrast, "where claims are asserted against individual municipal employees in their official capacities, there must be proof of a municipal custom or policy in order to permit recovery" (Vargas v City of New York, 105 AD3d 834, 837; see Monell v New York City Dept. of Social Servs., 436 US 658, 694).
"The Due Process Clause guarantees a criminal defendant's right to a fair trial," and that "right is violated when a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors" (Frost v New York City Police Dept., 980 F3d 231, 244 [2d Cir] [alterations and internal quotation marks omitted]). To succeed on a 42 USC § 1983 cause of action based on such a violation, a plaintiff must establish that (1) the officer "(2) fabricate[d] evidence (3) that [wa]s likely to influence a jury's decision, (4) forward[ed] that information to prosecutors, and (5) [that he or she] suffer[ed] a deprivation of liberty as a result" (Jovanovic v City of New York, 486 Fed Appx 149, 152 [2d Cir]; see Cromedy v City of New York, 176 AD3d 545, 546). A cause of action based on an officer's fabrication of evidence "can stand even if the officer had probable cause to arrest the . . . plaintiff," since "a further deprivation of liberty can result from the fabrication" regardless of whether "the initial arrest [wa]s lawful" (Garnett v Undercover Officer C0039, 838 F3d 265, 277-278 [2d Cir]). Indeed, a "prosecutor's decision to pursue charges . . . may depend on [his or her] assessment[ ] of the strength of the case, which in turn may be critically influenced by fabricated evidence" (id. at 277). Therefore, even where a criminal defendant is eventually acquitted, he or she may recover damages for any pre-acquittal period of confinement where fabricated evidence improperly influenced the decision to prosecute (see Zahrey v Coffey, 221 F3d 342, 348 [2d Cir]). Fabricated evidence from a police officer may come in the form of false testimony from a witness who was pressured or bribed, for example (see id. at 345-346), or it may be "the officer's own account of his or her observations of alleged criminal activity" (Barnes v City of New York, 68 F4th 123, 129 [2d Cir] [internal quotation marks omitted]).
Here, contrary to the defendants' contention, the allegations in the complaint were sufficient to state a cause of action pursuant to 42 USC § 1983 based on a violation of the plaintiff's due process right to a fair trial insofar as asserted against the individual defendants (see Neuman v Echevarria, 171 AD3d 767, 768-769; Barnes v City of New York, 68 F4th at 129; see generally Frost v New York City Police Dept., 980 F3d at 250-251). The plaintiff alleged, among other things, that the individual defendants, with knowledge that the plaintiff was not guilty, improperly caused the [*4]lineup witness to identify the plaintiff as the shooter and thereafter caused him to be prosecuted. Contrary to the defendants' contention, the allegations in the complaint were sufficient to plead the personal involvement of the individual defendants in the deprivation of the plaintiff's right to a fair trial (cf. Williams v Rodriguez, 184 AD3d at 701). Moreover, the Supreme Court improperly concluded that this cause of action was defective for failing to satisfy the "policy or custom" standard. Since the plaintiff was asserting a cause of action against the individual defendants in their individual capacities for an alleged constitutional violation, as opposed to a Monell claim, he was not required to allege facts satisfying that standard (compare Williams v Rodriguez, 184 AD3d at 701, with Vargas v City of New York, 105 AD3d at 837).
Relatedly, the Supreme Court incorrectly concluded that the section 1983 cause of action alleging a failure to intervene was subject to dismissal insofar as asserted against the individual defendants. The court noted that the plaintiff alleged that the individual defendants directly participated in constitutional violations, including, inter alia, violating his right to a fair trial. Therefore, according to the court, the plaintiff could not pursue a conflicting theory of liability based on the individual defendants' failure to intervene in direct constitutional violations perpetrated by others. However, the plaintiff was permitted to plead allegations and causes of action in the alternative (see CPLR 3014; Auguston v Spry, 282 AD2d 489, 491; Cornell v Village of Clayton, 691 F Supp 3d 608, 621 [ND NY]). Moreover, contrary to the defendants' contention, the complaint set forth sufficient allegations to state a viable cause of action against the individual defendants alleging their failure to intervene in constitutional violations (cf. Jones v City of New York, 206 AD3d 635, 637-640; Neuman v Echevarria, 171 AD3d at 768-769).
To prevail on a 42 USC § 1983 cause of action alleging a violation of the right to be free from continued or prolonged detention, "a plaintiff must show that (1) he or she has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence, (2) the actions of the law enforcement officials violated that right, and (3) the law enforcement officials' conduct shocks the conscience" (Wilson v City of New York, 161 AD3d 1212, 1215 [internal quotation marks omitted]; see Russo v City of Bridgeport, 479 F3d 196, 205-210 [2d Cir]). Contrary to the defendants' contentions, the complaint sufficiently stated a viable cause of action alleging a violation of the plaintiff's right to be free from continued detention insofar as asserted against the individual defendants. The complaint alleged that the individual defendants knowingly concealed, among other things, evidence regarding the improper lineup identification, thereby "suppress[ing] evidence that was favorable to the plaintiff during the criminal proceeding" (Wilson v City of New York, 161 AD3d at 1215).
Further, the Supreme Court incorrectly determined that the cause of action, in effect, pursuant to 42 USC § 1985 to recover damages for conspiracy to violate the plaintiff's civil rights insofar as asserted against the individual defendants was defective under the circumstances due to the intra-corporate conspiracy doctrine. "[U]nder the intra-corporate or intra-enterprise conspiracy doctrine," and subject to certain exceptions, employees of "a public entity generally cannot conspire with [other] employees or agents" of the same entity, since "all are considered a single entity" (Lilley v Greene Cent. Sch. Dist., 187 AD3d 1384, 1389-1390 [alterations and internal quotation marks omitted]). Here, however, the doctrine is inapplicable because the plaintiff alleged that the individual defendants, members of the New York City Police Department, conspired with employees of a distinct governmental entity, the Queens County District Attorney's Office (see e.g. McCray v City of New York, 2007 WL 4352748, *23, 2007 US Dist LEXIS 90875, *82-83 [SD NY, Nos. 03 CV9685, 03CV9974, 03CV10080 (DAB)]). Moreover, the complaint contained "sufficient factual details regarding an agreement among the" individual defendants and others to engage in acts constituting a violation of the plaintiff's constitutional rights (Matter of Nocro, Ltd. v Russell, 94 AD3d 894, 895; cf. JPMorgan Chase Bank, N.A. v Hunter Group, Inc., 124 AD3d 727, 728; Kubik v New York State Dept. of Social Servs., 278 AD2d 644, 646).
Since the Supreme Court should not have granted dismissal of the causes of action seeking damages pursuant to 42 USC § 1983 for alleged constitutional violations insofar as asserted against the individual defendants, the court also should not have, in effect, granted dismissal of the cause of action pursuant to 42 USC § 1988 for an award of attorneys' fees insofar as asserted against [*5]the individual defendants (see Elie v City of New York, 183 AD3d 867, 868-869; cf. Vargas v City of New York, 105 AD3d at 837).
Finally, the plaintiff did not cross-move for leave to amend the complaint and instead requested leave in his papers submitted in opposition to the defendants' motion to dismiss. Despite the plaintiff's failure to comply with CPLR 2215 in making this request for affirmative relief, the Supreme Court exercised its discretion to entertain his application on the merits (see U.S. Bank N.A. v Coleman, 189 AD3d 917, 918, citing Fried v Jacob Holding, Inc., 110 AD3d 56, 65). Although the court should not have concluded that any amendment whatsoever would have been time-barred (see e.g. Pendleton v City of New York, 44 AD3d 733, 736-737), the court nonetheless correctly denied the application. The plaintiff failed to provide any information regarding the nature of his proposed amendments, let alone submit a "proposed amended [complaint] 'clearly showing the changes or additions to be made to the pleading'" (Mendoza v Enchante Accessories, Inc., 185 AD3d 675, 679, quoting CPLR 3025[b]).
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court